MANHEIM *v.* URBANI.

1. Equity—Injunction—Laches.

While equity will not lend its aid to a party to compel an expensive work to be undone which the party might have prevented, by planting a bill in equity in reasonable season, the doctrine of laches is founded upon long inaction to assert a right attended by such intermediate change of conditions as renders it inequitable to enforce the right.

2. Injunction—Laches—Restriction Against Sale of Intoxicating Liquors.

Where defendants knew when they purchased property in 1936 that sale of intoxicating liquors was forbidden on the premises by use restriction, that in 1944 a majority of the residential owners were opposed to the granting of a license to sell intoxicating liquors thereon, the lapse of less than two months from the time license was granted in August, 1945 until bill

to enjoin violation of the restriction was filed *held,* not to warrant a finding of laches, since it, appears restriction was knowingly violated without any reason to believe plaintiff property owners were consenting thereto.

Appeal from Wayne; Miller (Guy A.), J. Submitted June 10, 1947. (Docket No. 57, Calendar No. 43,773.) Decided October 13, 1947. Rehearing denied December 3, 1947.

Bill by Jerome Manheim and others against Anthony Urbani and wife to restrain use of property for operation of place to dispense intoxicating liquors. Aaron Reitman and others intervene as parties plaintiff. Decree for plaintiffs. Defendants appeal. Affirmed.

*Lawhead, Kenney & Radom,* for plaintiffs and intervening plaintiffs.

*Charles Rubiner,* for defendants.

SHARPE, J. Plaintiffs filed a bill against defendants Anthony Urbani and Cesidia Urbani, his wife, to restrain the violation of a building and use restriction in a subdivision located on the southwest corner of Thatcher street and Livernois avenue in the city of Detroit.

The property owned by defendants is subject to the following restriction:

"The said premises shall at no time be used for manufacturing purposes, nor for the conduct of any offensive or dangerous business, nor for the sale or distribution of spirituous or malt liquors, or the conduct of the liquor business at wholesale or retail."

Defendants acquired part of the property in 1936 and the rest in 1941. In 1940, Mr. Urbani estab-

lished a bowling alley on the premises under the name "Varsity Recreation." In July, 1944, he applied for transfer of a liquor license, but it was denied. Prior to the rejection of defendant's application for a liquor license and on August 2, 1944, a number of the residents of the community in which the property is located signed a petition addressed to the police department of the city of Detroit, the common council of Detroit, and the liquor control commission objecting to the granting of a license to sell liquor on the premises owned by defendant. On November 25, 1944, a memorandum was sent from the police department to the Michigan liquor control commission advising it that the police department could not approve defendant's application for the transference of a liquor license because the majority of the residents had opposed the issuance of the same.

In April, 1945, defendant circulated a petition among the residents of that area for the purpose of obtaining their consent to the granting of a liquor license to him. Defendant again made application for a liquor license. On August 29, 1945, at 6:42 p.m., he was notified by the Michigan liquor control commission that his application for a license had been granted. Before defendant's place of business was closed for that evening, he had already completed sales of liquor.

On October 26, 1945, plaintiffs filed their bill of complaint seeking to restrain defendants from selling liquor at the place heretofore mentioned.

The cause came on for trial and the trial court entered a decree restraining defendants from selling or distributing liquor on the premises involved. Defendants appeal and urge that plaintiffs were guilty of such laches in the enforcement of the building restrictions as to render enforcement

thereof inequitable. In support of his claim defendant urges that he made an initial investment of more than $13,000 and, encouraged by the silence of his neighbors, contracted for fixtures, paying almost $2,500 down and obligating himself to the extent of $7,000 more; and that he contracted for the remodeling of the premises at a cost of $2,500.

Defendants rely on *McKee* v. *City of Grand Rapids,* 137 Mich. 200, 212, where we said.

"Equity will not now lend its aid to a party to compel an expensive work to be undone which the party might, by planting a bill in equity in reasonable season, have prevented."

We have examined the above case and find that the facts from which the above principle was enunciated are not comparable with the facts in the case at bar.

In *Angeloff* v. *Smith,* 254 Mich. 99, we said:

"The doctrine of laches is founded upon long inaction to assert a right, attended by such intermediate change of conditions as renders it inequitable to enforce the right. *Epstean* v. *Mintz,* 226 Mich. 660."

In *Carey* v. *Lauhoff,* 301 Mich. 168, we applied the rule laid down in *Sanders* v. *Campbell,* 231 Mich. 592, where it was held that even where there was delay in asserting the right, that of itself did not constitute laches; but that it must appear the delay resulted in some prejudice to the party asserting laches which would make it inequitable to disregard the lapse of time and incidental consequences.

In the case at bar, defendant knew when he purchased the property as early as 1936 that the sale of intoxicating liquors was forbidden on the premises he purchased. He knew in 1944 that a major-

ity of the residential owners were opposed to the granting of a license to sell intoxicating liquors on these premises. His claim of laches can only arise from the time that plaintiffs knew he was conducting a bar for the sale of liquor until plaintiffs filed their bill of complaint. This period of time was from August 29, 1945, to October 26, 1945. The money spent by defendant for acquiring the rights of one Bejczy in a license to be transferred, subject to approval of the liquor control commission, to its present location was prior to the granting of the liquor license to defendant. There is no evidence that plaintiffs knew that defendant ·had purchased the license from Bejczy, nor is there any evidence that plaintiffs knew defendant had contracted for furniture and fixtures. At best plaintiffs can only be charged with knowledge that defendants were making some improvements in their place of business. The delay of approximately two months under the circumstances of this case does not warrant a finding of laches. Defendants knowingly violated the restrictions without any reason to believe that plaintiffs were consenting to such violation.

The decree of the trial court is affirmed, with costs to plaintiffs.

CARR, C. J., and BUTZEL, BUSHNELL, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.