RYBINSKI *v.* RYBINSKI.

1. DIVORCE—PAYMENT OF ACCRUED. ALIMONY—LACHES.

    Mere lapse of time in enforcing payment of accrued alimony awarded for support of wife and child does not constitute laches, where such delay has not resulted prejudicially to the husband claiming laches after lapse of 28 years.

2. SAME—ALIMONY—JUDGMENT—STATUTE OF LIMITATIONS.

    Generally, the 10-year statute of limitations as against a judgment begins to run against each alimony instalment as it becomes due (CL 1948, § 609.13).

3. SAME—ALIMONY FOR SUPPORT OF WIFE AND CHILD—PROMISES TO CHILD—STATUTE OF LIMITATIONS—PARTIES.

    Statements or promises made by defendant husband to the daughter of the parties as to payments he may have agreed to make to her will not suspend the operation of the statute of limitations as to payments of alimony which he had been ordered to pay to wife for support of herself and the daughter, since the latter was not a party to the proceeding (CL 1948, § 609.13).

---

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 17 Am Jur, Divorce and Separation § 704.

[1-3] Statute of limitations, laches, or acquiescence as defense to action or proceeding for alimony or support of child allowed by decree or order of court.  137 ALR 884.

[4] 34 Am Jur, Limitations §§ 319, 320.

[5] 34 Am Jur, Limitations of Actions § 216.

[5] Statutory provision denying or limiting right of nonresident, or of resident absent from state, to benefit of statute of limitations, as affected by fact that he was subject to service of process during absence or nonresidence.  94 ALR 485; 119. ALR 859.

[6] 17 Am Jur, Divorce and Separation § 703.

[6] Power of court to modify decree for support, alimony, or the like based on agreement of parties.  58 ALR 639; 109 ALR 1068; 166 ALR 675.

[7] 17 Am Jur, Divorce and Separation § 701.

[7] Power of court in divorce or separation suit to provide for support of, or aid to, adult child, or to continue provision for support after child attains majority.  162 ALR 1084.

4. LIMITATION OF ACTIONS—ACKNOWLEDGMENT OF DEBT TO A THIRD PERSON.

An acknowledgment of a debt or promise to pay it to a third person who is not an obligee does not suspend the operation of the statute of limitations (CL 1948, § 609.13).

5. SAME—ABSENCE OF OBLIGOR FROM STATE—SUSPENSION OF STATUTE.

Absence of defendant obligor from the State suspends the operation of the statute of limitations for the period of such absence (CL 1948, § 609.17).

6. DIVORCE—SUPPORT OF CHILDREN—MODIFICATION OF DECREE.

The court may alter or revise a decree providing for the care. of the child of divorced parents at any time when circumstances may require (CL 1948, § 552.17).

7. SAME—SUPPORT OF CHILDREN—STATUTES—COMMON LAW.

A court could not order support for a child after it reaches majority where the statute, common law, and decree of divorce entered thereunder provided for the child's care, custody and maintenance during minority (CL 1948, § 552.16).

8. SAME—ACCRUED ALIMONY—SUPPORT OF CHILD—STATUTE OF LIMITATIONS—ABSENCE.

Decree as to accrued alimony for support of child is modified to provide for weekly rate as established from decree for support of wife and child for period of child's minority not within the operation of the statute of limitations as extended by period of absence from the State of obligor husband (CL 1948, §§ 552.16, 552.17, 609.13, 609.17).

Appeal from Wayne; Jayne (Ira W.), J. Submitted April 9, 1952. (Docket No. 21, Calendar No. 45,063.) Decided May 16, 1952.

Divorce proceedings between Henrietta A. Rybinski and Karol Rybinski. On petitions to fix punishment for contempt and to cancel all unpaid alimony. Order requiring payment. Defendant appeals. Modified and remanded.

*John G. Cross,* for plaintiff.

*Max H. Horwood,* for defendant.

Bushnell, J. Plaintiff Henrietta A. Rybinski, who made no attempt to collect past due alimony for more than 28 years, obtained an order requiring her divorced husband to pay the sum of $2,000 "forthwith as settlement in full for any and all claims" arising out of a decree of divorce granted on June 25, 1921. At the time of the divorce the daughter of the parties, Zenonia, was 13 months old. The wife was awarded the custody of the infant, and the husband was ordered to pay the sum of $10 per week until further order "for the support and maintenance of said minor child and said plaintiff."

No further calendar entries appear in the cause until February 10, 1950, when the divorced wife sought enforcement of the decree. The friend of the court, as referee, reported that the plaintiff had remarried 7 days after the entry of the decree; that the daughter had since been married; that defendant had remarried in 1924 and has another daughter 24 years old; and that 13 years after the divorce defendant, by order of the probate court, was permitted to change his name to Carl Robinson.

Defendant visited Zenonia on several occasions before he left for China in 1946. Except for a 4 months' visit to Poland in 1921, and a year in China, Rybinski had lived at various addresses in Detroit and his name had been listed in city directories from 1921 to 1936. Since his divorce, Rybinski had been employed at various manufacturing plants in Detroit and had acquired property, title to which was recorded in his name. He had been listed on the tax rolls and election records either as Karol Rybinski or Carl Robinson. Rybinski stated in an affidavit filed in the cause that a mutual friend of the parties has always known where defendant lived.

Zenonia testified before the friend of the court that she first saw her father about 24 years after the divorce, and that he acknowledged he owed for

her support. She further stated that he offered to buy her a home and set her up in business, and even went so far as to examine certain properties with her. Plaintiff and her sister testified with respect to such promises to Zenonia. All of this was denied by Rybinski. The record shows that the father paid a hospital bill of $300 for Zenonia; and although she testified that she had received only $78.50 worth of money and clothing from him, he insisted that he had also given her about $400 worth of clothing and spending money.

Defendant is an industrious man who earns good wages, notwithstanding some periods of unemployment. He has been able to give his second daughter an automobile that cost $2,500; and has accumulated, with the assistance of his present wife, some government bonds and real property.

The referee informed the court that it seemed logical to assume that the original $10 per week order was intended to be $5 for the wife and $5 for the child. In the light of plaintiff's immediate remarriage, he suggested that the order be modified to provide only $5 per week for the support of the daughter. He further assumed that the alimony payments would have been discontinued when the daughter reached the age of 17. He then computed the arrearage at $4,150 and allowed a credit for the money expended for Zenonia. The referee stated, "considering the late date at which this controversy arises, it would appear that some reduction of a substantial degree should be allowed." He recommended that the defendant be required to pay the plaintiff the sum of $2,000 as settlement on such terms as the court should direct. The recommendation was accepted by the court with the requirement that this sum be paid forthwith.

As in *Chipman* v. *Chipman,* 308 Mich 578, the rights of a minor child are not involved. The ap-

peal of Rybinski raises the question of whether plaintiff is barred from recovering for the support of her minor child because of her delay in attempting to secure enforcement of her divorce decree.

Laches have been held to bar an action to recover accrued alimony. *Stone* v. *Stone,* 162 Mich 319, and *Smith* v. *Smith,* 246 Mich 80. See, also, *Chipman* v. *Chipman, supra,* and *Sonenfeld* v. *Sonenfeld,* 331 Mich 60. However, mere lapse of time, without a showing of prejudice, does not constitute laches, *Wright* v. *Brown,* 317 Mich 561; but "it must appear the delay resulted in some prejudice to the party asserting laches which would make it inequitable to disregard the lapse of time and incidental consequences." *Manheim* v. *Urbani,* 318 Mich 552, 555.

Plaintiff is guilty of unreasonable delay in prosecuting her claim. But, on the other hand, there is little if any showing of such change in defendant's circumstances that would make plaintiff's delay prejudicial. Lacking this essential element, defendant is unable to rely upon laches.

While no cases in this State have expressly applied the generally accepted theory, that the statute of limitations begins to run against each alimony instalment as it becomes due, there are Michigan cases which indicate approval of this view. *Dewey* v. *Dewey,* 151 Mich 586; *Kaiser* v. *Kaiser,* 213 Mich 660; *Gutowski* v. *Gutowski,* 266 Mich 1; and *Sullivan* v. *Sullivan,* 300 Mich 640. See, also, authorities annotated in 137 ALR 890. An action founded upon a judgment must be commenced within 10 years after the cause of action accrued. CL 1948, § 609.13 (Stat Ann § 27.605).

Whether defendant's acknowledgment of the debt or his promise to pay will suspend the operation of the statute of limitations is not before us. Any statements or promises made by Rybinski were to his daughter, and she is not a party to this action.

Although plaintiff's petition was filed February 10, 1950, defendant's absence in China for 1 year during 1947 suspends the operation of the statute of limitations (CL 1948, § 609.17 [Stat Ann § 27.609]), for that period, and plaintiff is entitled to recover those instalments for the support of her child which became due after February 10, 1939. In order to determine what payments defendant was obliged to make after that date, we must also determine the date upon which the daughter was no longer entitled to the support of her father.

The court may alter or revise a decree providing for the care of the child at any time when circumstances may require. CL 1948, § 552.17 (Stat Ann § 25.97). See *Barry* v. *Barry,* 291 Mich 666. However, the order of the trial court does not indicate what calculations and assumptions of the referee were accepted by the trial judge.

The decree provided for payments until further order. No further order was made until the instant one in 1951. When the decree was entered in 1921, the statute, then as now (CL 1915, § 11407 [CL 1948, § 552.16 (Stat Ann § 25.96)]), provided for the care, custody and maintenance of the *minor* child. See *West* v. *West,* 241 Mich 679. Under that statute and the principles of the common law the court could not order support for a child after it had reached majority. See *Chaffee* v. *Chaffee,* 15 Mich 184. Since the court did not alter the support provisions of the decree, we, therefore, must assume that the defendant was obliged to contribute to his daughter's support until she reached the age of 21 on May 24, 1941. That obligation, if computed at $5 per week from February 10, 1939 to May 24, 1941 would amount to $595.

The order is modified to require the payment of $595 and the cause is remanded for the enforcement thereof. Cost to plaintiff in both courts.

North, C. J., and Dethmers, Butzel, Carr, Sharpe, Boyles, and Reid, JJ., concurred.