GABLER v WODITSCH

Docket No. 74398. Submitted February 20, 1985, at Detroit.—Decided
June 19, 1985.

Plaintiff, Clifton H. Gabler, and defendant, June Woditsch, were
divorced on August 23, 1968. The property settlement provided
that plaintiff would convey his interest in the marital residence
and that defendant agreed to pay plaintiff $11,218.35, which
represented his one-half interest in their equity in the home.
The agreement provided that plaintiff would receive a $50 per
month credit against child support due to defendant from
September 1, 1968, until July 27, 1975. At that time the
balance of the $11,218.35 would become due. Plaintiff filed an
action in the Wayne Circuit Court on June 15, 1983, alleging
that the entire $11,218.35 was due and owing. Defendant
moved for accelerated judgment on the ground that the claim
sounded in contract (breach of the property settlement agree-
ment) and was barred by the six-year period of limitations. On
September 20, 1983, the trial court entered an order denying
the motion, finding that the action was governed by the ten-
year period of limitations for actions on judgments or judicial
decrees. Defendant appealed by leave granted. *Held:*

An action to enforce the provisions of a divorce decree is
governed by a 10-year statute of limitations and the period
begins to run when the cause of action accrues. The cause of
action accrued on July 27, 1975, when payment in full became
due.

Affirmed and remanded.

LIMITATION OF ACTIONS — DIVORCE.

An action to enforce the provisions of a divorce decree is gov-
erned by a 10-year statute of limitations and the period begins
to run when the cause of action accrues (MCL 600.5809[3]; MSA
27A.5809[3]).

*Zabel, Quail & Ryan, P.C.* (by *Keith M. Kerwin),*
for plaintiff.

REFERENCE FOR POINTS IN HEADNOTE
Am Jur 2d, Divorce and Separation § 175.

*Dennis E. Moffett,* for defendant.

Before: Wahls, P.J., and Shepherd and E. A. Quinnell,* JJ.

Per Curiam. The parties were divorced pursuant to an Oakland County Circuit Court judgment entered August 23, 1968. The property settlement provided that plaintiff would convey his interest in the marital residence and that defendant agreed to pay plaintiff $11,218.35, which represented his one-half interest in their equity in the home. The agreement provided for the following method of payment: plaintiff would receive a $50 per month credit against child support due to defendant from September 1, 1968, until July 27, 1975, when the parties' third eldest child attained the age of 18 years. At that time the balance of the $11,218.35 would become due.

Plaintiff filed the instant action in the Wayne County Circuit Court on June 15, 1983, alleging that the entire $11,218.35 was due and owing.[1] Defendant moved for accelerated judgment on the ground that the claim sounded in contract (breach of the property settlement agreement) and was barred by the six-year period of limitations. MCL 600.5807; MSA 27A.5807. On September 20, 1983, the trial court entered an order denying the motion, finding that the action was governed by the ten-year period of limitations in MCL 600.5809(3); MSA 27A.5809(3). The matter was certified as a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Plaintiff alleged in the complaint that the Oakland County Friend of the Court had failed to credit him with $50 per month against child support as required by the divorce judgment. Plaintiff states in his appellate brief that, pursuant to his petition in the Oakland County Circuit Court, the court entered an order on July 7, 1983, cancelling a child support arrearage in the amount of $2,134.75 and accordingly reducing the amount due to plaintiff pursuant to the judgment to $9,084.10.

controlling question of law and this Court granted defendant's application for leave to appeal.

Section 5809(3) of the Revised Judicature Act states that "the period of limitations is 10 years for actions founded upon judgments or decrees rendered in a court of record of this state * * *".

The present action is an action to enforce the provisions of the 1968 divorce judgment and is therefore an action founded upon a judgment within RJA § 5809(3). Plaintiff's claim is not converted into a breach of contract action merely because the specific payment provision which he seeks to enforce was contained in a property settlement agreement. That agreement was expressly incorporated by reference into the divorce judgment. The trial court correctly applied the ten-year period in RJA § 5809(3).

In *Rybinski v Rybinski,* 333 Mich 592; 53 NW2d 386 (1952), the Court noted that the ten-year period within which an action founded upon a divorce judgment must be commenced begins to run at the time the cause of action accrues. The Court held that the statue begins to run against each alimony installment as it becomes due. 333 Mich 596.

In the present case, according to the provisions of the divorce judgment, the balance of the $11,218.35 did not become due until July 27, 1975. Thus, the instant cause of action accrued as of that date. Plaintiff's complaint was therefore timely filed within the ten-year period.

We affirm the denial of the motion for accelerated judgment and remand for further proceedings. In determining the amount owed to plaintiff, the trial court must, of course, deduct from the balance all amounts which plaintiff received as a credit against current child support payments and/or child support arrearages.

Affirmed and remanded.