# STATE OF MICHIGAN

# COURT OF APPEALS

KRISTOPHER S. O'LEARY,

        Plaintiff-Appellant,

v

CHRISTINE A. O'LEARY,

        Defendant-Appellee.

FOR PUBLICATION
October 10, 2017
9:25 a.m.

No. 333519
Lenawee Circuit Court
LC No. 02-025820-DM

Before: SHAPIRO, P.J., and HOEKSTRA and M. J. KELLY, JJ.

PER CURIAM.

In this action to enforce a judgment of divorce, the trial court granted summary disposition to defendant under MCR 2.116(C)(7) based on the conclusion that plaintiff's claim was time barred by MCL 600.5809(3). Plaintiff filed a delayed application for leave to appeal, which we granted.[1] Because plaintiff's claim accrued when the marital home sold in 2009, his motion to enforce the terms of the judgement of divorce in 2015 was not time barred. Consequently, we reverse the dismissal of plaintiff's claim and remand for further proceedings.

The parties married in 1996, and their judgment of divorce entered on July 24, 2003. At the time of their divorce, the parties owned a mobile home together in Adrian, Michigan. With regard to this marital home, the judgment of divorce stated:

> IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff and Defendant shall continue to own the martial home . . . as tenants in common. The house is to be continuously offered for sale until sold. Defendant shall make the house and lot payments as long as she resides in the home. At such time as Defendant moves or the house is sold, the indebtedness or profit shall be shared equally.

Defendant moved out of the home in September of 2007. On October 7, 2009, following a motion by defendant to enforce the judgment of divorce, the trial court entered an order against plaintiff, requiring him to pay defendant the sum of $5,927, which represented plaintiff's share

---

[1] *O'Leary v O'Leary*, unpublished order of the Court of Appeals, entered October 12, 2015 (Docket No. 333519).

of the mobile home and lot rental payments for the time period after defendant vacated the property. In this order, the trial court also stated that "all other orders not in direct conflict herein shall remain in full force and effect."

The mobile home eventually sold on October 21, 2009; but, the sale did not cover the balance owing on the loan. After the sale, the parties had a deficiency of $37,998.35. According to plaintiff, between the sale of the home and January of 2015, he paid $24,543.24 toward the outstanding balance on the loan, while defendant paid nothing.

On May 4, 2015, plaintiff filed a motion to enforce the judgment of divorce. In particular, plaintiff argued that, under the terms of the judgment of divorce, defendant bore equal responsibility for the outstanding indebtedness on the loan balance following the sale of the property. Plaintiff requested an order specifying that defendant and plaintiff were each responsible for $18,999.17. He also sought payment from defendant for the amount he had paid in excess of his liability, an amount totaling $5,544.06.

Defendant filed an answer to plaintiff's motion, and she also filed a motion for summary disposition. Relevant to the present appeal, defendant asserted that plaintiff's motion to enforce the judgment of divorce was time barred by the 10-year statute of limitations found in MCL 600.5809(3) because the judgment of divorce entered in 2003 and plaintiff did not bring his motion to enforce the judgment until 2015. According to defendant, within the 10-year time period, plaintiff should have sought to extend the divorce judgment by seeking a new judgment or decree under MCL 600.5809(3), which plaintiff did not do. In response to defendant's motion for summary disposition, plaintiff argued that his claim against defendant for half of the indebtedness on the home accrued when the home sold in 2009, meaning that the 10-year statute of limitations expired in 2019 and his claim was timely filed in 2015. Alternatively, plaintiff contended that the motion to enforce the judgment filed by defendant in 2009 "effectively reset the clock on the statute of limitations" such that plaintiff's claim in 2015 was timely under the "renewed" judgment of divorce.

Following a hearing, the trial court granted summary disposition to defendant, concluding that plaintiff's claim was time barred by the 10-year statute of limitations in MCL 600.5809(3) because the judgment of divorced entered in 2003 and plaintiff did not seek to enforce the judgment until 2015. Plaintiff then filed a delayed application for leave to appeal in this Court, which we granted.

On appeal, the only issue before us is whether plaintiff's motion to enforce the judgment of divorce was timely. The parties agree that plaintiff's claim is subject to the 10-year statute of limitations set forth in MCL 600.5809(3), but they disagree about when the limitations period began to run. Plaintiff argues that his claim accrued, and the limitations period began to run, when the home sold in 2009, making his motion to enforce the judgment in 2015 timely. In contrast, defendant contends that the limitations period began to run when the divorce judgment was rendered in 2003 and that, in the absence of an action for a new judgment, the limitations period expired in 2013, meaning that plaintiff's claim in 2015 was untimely.

We review de novo a trial court's decision to grant a motion for summary disposition. *Anzaldua v Neogen Corp*, 292 Mich App 626, 629; 808 NW2d 804 (2011). If a claim is time-

barred, summary disposition is properly granted under MCR 2.116(C)(7). *Prins v Mich State Police*, 291 Mich App 586, 589; 805 NW2d 619 (2011). When the underlying facts are not disputed, whether a claim is time barred by a period of limitations is a question of law that this Court reviews de novo. *Titan Ins Co v Farmers Ins Exch*, 241 Mich App 258, 260; 615 NW2d 774 (2000).

Likewise, we also review de novo questions of statutory interpretation. *White v Taylor Distrib Co, Inc*, 275 Mich App 615, 620; 739 NW2d 132 (2007). Statutory interpretation begins with the plain language of the statute. *Driver v Naini*, 490 Mich 239, 247; 802 NW2d 311 (2011). "We read the statutory language in context and as a whole, considering the plain and ordinary meaning of every word." *Hamed v Wayne Co*, 490 Mich 1, 8; 803 NW2d 237 (2011). "When the language is clear and unambiguous, we will apply the statute as written and judicial construction is not permitted." *Driver*, 490 Mich at 247.

Statutes of limitations are contained in Chapter 58 of the Revised Judicature Act, MCL 600.5801, *et seq*. *Peabody v DiMeglio*, 306 Mich App 397, 404; 856 NW2d 245 (2014). At issue in this case is the statute of limitations on enforcing a judgment as set forth in MCL 600.5809, which states:

> (1) A person shall not bring or maintain an action to enforce a noncontractual money obligation unless, *after the claim first accrued* to the person or to someone through whom he or she claims, the person commences the action within the applicable period of time prescribed by this section.
>
> ***
>
> (3) Except as provided in subsection (4), *the period of limitations is 10 years* for an action founded upon a judgment or decree rendered in a court of record of this state, or in a court of record of the United States or of another state of the United States, *from the time of the rendition of the judgment or decree*. . . . Within the applicable period of limitations prescribed by this subsection, an action may be brought upon the judgment or decree for a new judgment or decree. The new judgment or decree is subject to this subsection. [Emphasis added.]

In terms of when a claim accrues, under MCL 600.5827:

> Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in [MCL 600.5829 to MCL 600.5858], and in cases not covered by these sections *the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results*. [Emphasis added.]

Relying on these provisions, this Court has previously determined that a claim relating to a property settlement contained in a judgment of divorce, including claims relating to the disposition of real property, are subject to the 10-year statute of limitations found in MCL 600.5809(3). See *Peabody*, 306 Mich App at 406; *Gabler v Woditsch*, 143 Mich App 709, 711; 372 NW2d 647 (1985). Further, on facts analogous to the situation presented in this case, we have also concluded that the 10-year statute of limitations on a claim relating to a property

-3-

settlement in a judgment of divorce begins to run at the time the claim accrues and that the claim accrues when the money owing under the property settlement comes due. For example, in *Gabler*, the parties' 1968 judgment of divorce provided that the wife would receive the marital home, that she would pay the husband for his half of the equity in the house, and that the balance on this payment to the husband would come due when the parties' third eldest child turned 18 on July 27, 1975. *Gabler*, 143 Mich App at 710. On these facts, this Court held that the husband's cause of action to enforce this provision accrued when the balance came due in 1975, and that his complaint, filed in June of 1983, was timely filed within the 10-year statute of limitations applicable under MCL 600.5809(3). *Gabler*, 143 Mich App at 711. Likewise, in *Peabody*, the parties divorced in 1995, and their judgment of divorce contained a provision stating that, if a house belonging to the parties was sold, all net proceeds would be divided equally between the parties. *Peabody*, 306 Mich App at 401. The property sold in 2004, and we concluded that the wife's cause of action accrued in 2004, "when the property was sold and [the husband] failed to pay [the wife] half of the proceeds." *Id.* at 407. Thus, we determined that the wife's complaint in 2012 was timely under MCL 600.5809(3). *Peabody*, 306 Mich App at 407.

Following the reasoning of *Peabody* and *Gabler*, plaintiff's claim in this case was timely filed. Although the judgment of divorce entered in 2003, plaintiff's claim did not accrue until 2009 when the home sold and defendant failed to pay her half of the outstanding indebtedness on the home loan. Because the claim accrued in 2009, plaintiff's motion to enforce the judgment in 2015 was timely filed within the 10-year statute of limitations applicable under MCL 600.5809(3). Cf. *Peabody*, 306 Mich App at 407; *Gabler*, 143 Mich App at 711.

In contrast to this conclusion, defendant emphasizes that MCL 600.5809(3) states that "*the period of limitations is 10 years* for an action founded upon a judgment or decree rendered in a court of record of this state . . . *from the time of the rendition of the judgment or decree*" (emphasis added). Thus, in defendant's view, the statute of limitations began to run in 2003 and it expired in 2013. According to defendant, under MCL 600.5809(3), plaintiff should have brought an action upon the judgment for a "new judgment," and because he did not do so before 2013, his claim in 2015 was untimely.

Defendant's arguments are unpersuasive. First of all, her arguments are contrary to our application of the statute of limitations in both *Peabody* and *Gabler*. Second, defendant's construction of the statute fails to read MCL 600.5809 as a whole. While MCL 600.5809(3) indicates that the limitations period is 10 years "from the time of the rendition of the judgment," MCL 600.5809(1) makes plain that a person cannot bring a claim under this section until *after* the claim accrues. There is potentially some tension between these provisions; but, when they are read together it is apparent that, until the claim accrues under MCL 600.5809(1), there is no "action founded upon a judgment or decree" within the meaning of MCL 600.5809(3) and thus the limitations period cannot begin to run until the claim accrues. In other words, when a judgment provides for payment at some future point, the statute of limitations under MCL 600.5809(3), when read in conjunction with MCL 600.5809(1), begins to run when the payment required by the judgment comes due. See *Rybinski v Rybinski*, 333 Mich 592, 596; 53 NW2d 386 (1952); *Rzadkowolski v Pefley*, 237 Mich App 405, 411-412; 603 NW2d 646 (1999). Likewise, insofar as defendant contends that plaintiff was obligated to seek a renewed judgment under MCL 600.5809(3), such action was not necessary because, as we have discussed, until the home sold in 2009, there was no money owing to plaintiff, the statute of limitations had not

begun to run, and there was no reason to renew the judgment. Defendant's arguments are without merit.

In sum, the 10-year statute of limitations did not begin to run until the home sold in 2009, meaning that plaintiff's motion to enforce the judgment in 2015 was timely. Cf. *Peabody*, 306 Mich App at 407; *Gabler*, 143 Mich App at 711. Consequently, we reverse the trial court's grant of summary disposition under MCR 2.116(C)(7) and we remand for consideration of the merits of plaintiff's motion to enforce the judgment.

Reversed and remanded for further proceedings. We do not retain jurisdiction.


/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Michael J. Kelly