*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARK EDWARD RAINWATER,

Plaintiff-Appellant,

v

NICOLE ILENE RAINWATER, also known as
NICOLE ILENE CHAMPION,

Defendant-Appellee.

UNPUBLISHED
April 18, 2019

No. 341989; 342418
Eaton Circuit Court
Family Division
LC No. 2015-000642-DM

Before: BORRELLO, P.J., and SHAPIRO and RIORDAN, JJ.

PER CURIAM.

In Docket No. 341989, plaintiff appeals by leave granted[1] the trial court's order denying his motion to enforce or set aside the property settlement agreement incorporated into the parties' judgment of divorce (JOD). In Docket No. 342418, plaintiff appeals by right the trial court's order awarding defendant attorney fees on the basis that plaintiff's motion was frivolous and that he engaged in misconduct in conducting a deposition.

For the reasons discussed below, the trial court erred in determining that plaintiff's motion to enforce the JOD was untimely and that it lacked the authority to consider the motion. For the same reasons, the trial court erred in finding that the motion was frivolous. Accordingly, we reverse the trial court's order denying plaintiff's motion, and we reverse the order awarding attorney fees to the extent that the award was based on the determination that plaintiff's motion was frivolous. However, because the trial court did not clearly err in determining that plaintiff engaged in misconduct in conducting a deposition, we affirm the award of attorney fees for fees incurred because of the deposition. We remand for further proceedings consistent with this opinion.

---

[1] *Rainwater v Rainwater*, unpublished order of the Court of Appeals, entered June 26, 2018 (Docket No. 341989).

## I. DOCKET NO. 341989—MOTION TO ENFORCE THE JOD

### A. BACKGROUND

The parties divorced in 2015. The consent judgment of divorce contained a property-settlement provision providing for the division of marital property:

> IT IS FURTHER ORDERED AND ADJUDGED that any remaining personal property shall be divided between the parties, any personal property that the parties are not in agreement as to who shall receive it, such item shall be sold and the net proceeds divided equally between the parties.

According to plaintiff, the parties attempted to work together to divide the marital property. However, the two experienced difficulties and were ultimately unable to work out a satisfactory division of the property, including their deceased minor son's items.

In September 2017, plaintiff filed a motion to either enforce the property settlement, or, in the alternative, to set aside the property settlement and reach a new agreement for property division. At the motion hearing, much was made of a provision in the JOD providing that plaintiff could use the barn located at the marital home for nine months to store his personal property. Based on this provision, the trial court determined that plaintiff's motion was untimely and that it did not have authority to grant his requested relief. The court also ruled that plaintiff's motion was not timely under MCR 2.603 (default judgments) and MCR 2.612 (relief from judgment). In addition, the trial court indicated that it did not have authority to consider plaintiff's motion because the JOD resolved all of the parties' claims relating to the divorce. Regarding the parties' deceased son's items, the court opined that the proper forum for these concerns was the probate court, not the circuit court. The trial court ultimately denied plaintiff's motion, as well as a motion for reconsideration.

### B. DISCUSSION

"A divorce judgment entered by agreement of the parties represents a contract" that we interpret de novo as a question of law. *Rose v Rose*, 289 Mich App 45, 49; 795 NW2d 611 (2010). We also review de novo the interpretation and application of court rules. *Lech v Huntmore Estates Condo Ass'n*, 315 Mich App 288, 290; 890 NW2d 378 (2016).

To begin, the trial court erred in determining that plaintiff's motion to enforce the JOD was untimely under MCR 2.603 and MCR 2.612. MCR 2.603 was not applicable in this case because plaintiff was not seeking relief from a default judgment. MCR 2.612 governs relief from judgment and therefore was applicable to plaintiff's alternative request to set aside the property settlement. However, plaintiff was primarily seeking to enforce the property settlement. Thus, even assuming that the motion to set aside the JOD was untimely MCR 2.612, that would have no bearing on plaintiff's motion to enforce the JOD. In short, the trial court focused too heavily on plaintiff's alternative request to set aside and replace the settlement provisions. In examining the motion, it is clear that this was a cursory argument and that plaintiff's real desire was for the court to enforce the property settlement. The trial court failed to adequately address both of plaintiff's arguments.

-2-

Under MCL 600.5809(3), the period of limitations for enforcing a JOD is 10 years. *Peabody v DiMeglio*, 306 Mich App 397, 405; 856 NW2d 245 (2014). The parties' JOD was entered in 2015, and plaintiff filed his motion in 2017. Therefore, plaintiff's motion to enforce the JOD was timely brought within 10 years.

The trial court also erred concluding that plaintiff's claims regarding the distribution of the marital estate were time-barred by the JOD. Again, the trial court based that ruling on a provision providing that plaintiff had nine months to use the barn to store his personal property:

> IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff shall be entitled to use of the barn located at the marital home to store his personal property for a period of nine (9) months after the entry of this Judgment of Divorce. Plaintiff shall be required to notify Defendant in advance when he needs access to the barn.

However, there is nothing in the JOD to suggest that the parties had nine months to divide or sell the martial personal property. We note that plaintiff made allegations in his motion pertaining to his recovery of personal property stored at the marital home. So the trial court's conflation of these issues is somewhat understandable. At oral argument, however, plaintiff clarified that he was seeking division of the marital personal property in accordance with the JOD. Indeed, plaintiff provided an inventory of the marital property to which he claimed half the value of.

In sum, the time-limit for plaintiff storing his personal property in the barn had no bearing on the division of the marital estate. And there is no language in the JOD indicating that the parties had to divide the marital property within a certain amount of time. Nor is there any provision providing that that defendant would receive exclusive ownership of the marital property in the event that the parties were unable to divide it. Again, the pertinent provision provides:

> IT IS FURTHER ORDERED AND ADJUDGED that any remaining personal property shall be divided between the parties, *any personal property that the parties are not in agreement as to who shall receive it, such item shall be sold and the net proceeds divided equally between the parties*. [Emphasis added.]

This provision plainly and unambiguously states that in the event that the parties could not agree on property division, such property was to be sold and the proceeds divided between them.

The trial court also erred in stating that that it had no authority to address plaintiff's motion because the JOD resolved all claims related to the divorce. While the JOD fully satisfied all claims related to the divorce, the trial court retained authority to hear matters relating to the JOD's obligations:

> IT IS FURTHER ORDERED AND ADJUDGED that the provisions of this Judgment of Divorce fully satisfy all claims that either party may have against the other *except for the obligations and reservations contained herein*, and except for child-related matters which are herein set forth. [Emphasis added.]

One such obligation was the property settlement provision, which, as previously discussed, required the parties to divide the marital property and, if they could not do so, to sell the property and divide the proceeds.

Moreover, the JOD explicitly gave the trial court authority to interpret and enforce the JOD's provisions, which is exactly what plaintiff's motion asked the court to do:

> IT IS FURTHER ORDERED AND ADJUDGED that the court retains jurisdiction to interpret and enforce any and all provisions of this Judgment of Divorce.

Therefore, the trial court possessed authority to address plaintiff's motion, which was not an attempt to litigate another issue of the divorce that the JOD had fully satisfied and barred. Rather, the motion was an attempt to enforce provisions of the JOD. Accordingly, we remand to the trial court so that it can consider the merits of plaintiff's motion.[2]

## II. DOCKET NO. 342418—ATTORNEY FEES

### A. BACKGROUND

After the trial court denied plaintiff's motion, defendant filed a motion for costs and attorney fees. The trial court granted the motion, ruling that plaintiff's motion to either set aside or enforce the property settlement provisions was frivolous. Further, the court found that plaintiff committed misconduct during his deposition of David R. Fox. Plaintiff deposed Fox in relation to his motion for contempt alleging that defendant violated the JOD by using Fox to reveal plaintiff's criminal history to the parties' children. The court ordered that defendant provide an itemize billing relating to the motion and deposition and address the factors for determining reasonable attorney fees. After a hearing to address the contested billings, the trial court awarded defendant attorney fees in the amount of $3,542.50.

### B. DISCUSSION

The decision to award attorney fees is reviewed for an abuse of discretion. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. A trial court's findings of fact relating to the award of attorney fees are reviewed for clear error. *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005).

---

[2] As for the deceased child's belongings, the probate estate closed years ago. Assuming that the earlier probate proceedings resulted in plaintiff and defendant receiving the child's items, these items became a part of the marital estate because they were property that came to "either party by reason of the marriage." MCL 552.19.

A court may assess costs and attorney fees against a party as a sanction for bringing a frivolous claim. MCR 1.109(E)(7);[3] MCR 2.625(A)(2); MCL 600.2591(1). For the reasons stated above, plaintiff's motion to enforce the JOD was not frivolous. Accordingly, the trial court clearly erred in awarding defendant attorney fees incurred because of the motion. However, we disagree with plaintiff that the trial court clearly erred in finding that he committed misconduct during the deposition of Fox and therefore affirm the award for costs incurred in connection with the deposition.

MCR 2.306(D)(2) provides, "On motion, the court may impose an appropriate sanction—including the reasonable expenses and attorney fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent or otherwise violates this rule." A court may also award attorney fees incurred due to a party's misconduct. *Reed*, 265 Mich App at 164-165. Misconduct occurs when the other party engages in "unreasonable conduct in the course of the litigation." *Id*. at 165 (quotation marks and citation omitted).

While the deposition began with plaintiff asking Fox questions pertinent to the motion for contempt, plaintiff soon veered off course. Plaintiff asked if Fox had received or been promised any sexual favors from defendant. Plaintiff also asked if Fox had engaged in a sexual relationship with defendant and if Fox had been married before. Plaintiff demanded of Fox what right he had to inject himself into the situation between plaintiff and defendant. Furthermore, plaintiff asked if Fox had a "history . . . of contacting random people over things you believe to be an injustice?" Plaintiff further asked, "Is that the reason why you don't work, Mr. Fox, is because you're busy calling, making calls?" Finally, plaintiff asked, "So you feel it's your duty to right all the wrongs in the world?" Given the combative nature of that irrelevant line of questioning, the trial court did not clearly err in finding that plaintiff's conduct was unreasonable.

## III. CONCLUSION

The trial court erred in determining that plaintiff's motion was untimely and that the court lacked the authority to consider the motion. For the same reasons, the trial court erred in finding that the motion was frivolous. Accordingly, we reverse the trial court's order denying plaintiff's motion and remand so that the court can address the merits of the motion. We also reverse the order awarding attorney fees to the extent that the award was based on the determination that plaintiff's motion was frivolous. However, because the trial court did not clearly err in determining that plaintiff engaged in misconduct during Fox's deposition, we affirm the award of attorney fees to the extent that the fees were incurred because of that deposition. We remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro
/s/ Michael J. Riordan

---

[3] The court rule governing sanctions was previously found in MCR 2.114, which was repealed effective September 1, 2018.