375 P.3d 94

**Mark E. SCHLUSSEL, Petitioner,**

v.

**The Honorable Douglas GERLACH, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**Bentley Terrace Dillard, as Trustee of the Bentley Terrace Dillard Family Trust Dated February 1, 2002, Real Party in Interest.**

**No. 1 CA–SA 16–0064**

Court of Appeals of Arizona, Division 1.

FILED 7/5/2016

Maynard Cronin Erickson Curran & Reiter, P.L.C., Phoenix, By Michael D. Curran, Daniel D. Maynard, Counsel for Petitioner.

Osborn Maledon, P.A., Phoenix, By Ronda R. Fisk, Nathan T. Arrowsmith, Counsel for Real Party in Interest.

Presiding Judge Peter B. Swann delivered the opinion of the court, in which Judge Lawrence F. Winthrop and Judge Donn Kessler joined.

## OPINION

SWANN, Judge:

¶ 1 This special action presents the question whether timely renewal of an amended judgment more than five years after the entry of the original judgment is effective. We answer the question in the affirmative, and hold that the time to renew an amended judgment runs from the time that the amended judgment is entered. Such a renewal is effective as to all relief granted in the amended judgment.

## FACTS AND PROCEDURAL HISTORY

¶ 2 In April 2009, the court entered a judgment against Mark E. Schlussel and in favor of Bentley Terrace Dillard ("the 2009 judgment"). Schlussel filed a motion for a new trial, which the court denied, and Dillard began collection efforts.

¶ 3 On February 1, 2010, the court entered an amended judgment, which consolidated all previous awards and awarded additional attorney's fees arising from Schlussel's motion for a new trial. Two days before the five-year

expiration of the original judgment, Dillard recorded a renewal notice of the 2009 judgment but never filed the notice with the clerk of the court. She later withdrew this renewal notice and never renewed the original judgment. On January 21, 2015, before the five-year expiration of the amended judgment, Dillard renewed the amended judgment.

¶ 4 Schlussel brought an action for declaratory judgment, contending that only new amounts awarded for the first time in the amended judgment were collectible because Dillard did not renew the original judgment. Dillard filed a motion for judgment on the pleadings, and Schlussel filed a motion for summary judgment. The trial court denied Schlussel's motion for summary judgment, granted Dillard's judgment on the pleadings as to Schlussel's complaint, and denied it in part as to Dillard's counterclaim for expenses. Schlussel seeks relief by special action.

## JURISDICTION

¶ 5 We accept jurisdiction. Special action review is discretionary but appropriate when there is no "equally plain, speedy, and adequate remedy by appeal," Ariz. R.P. Spec. Act. 1(a), or "[w]here the issue is a purely legal question of first impression, is of statewide importance, and will arise again," *Sanchez v. Gama*, 233 Ariz. 125, 127, ¶ 4, 310 P.3d 1, 3 (App. 2013). It is rare that we accept jurisdiction over special actions challenging the denial of summary judgment. But here the underlying case has been concluded and collection is ongoing. Unlike a case in which judgment is entered and the judgment debtor appeals without posting a supersedeas bond, no appeal is immediately available here. And if the collections are based on an expired judgment, then Schlussel would face irreparable harm from an unlawful taking of his property. Finally, though the pure legal question we decide today is straightforward, there is no published Arizona decision resolving it.

## DISCUSSION

¶ 6 The parties do not now dispute that Dillard failed to renew the original judgment, or that she properly renewed the amended judgment. They further agree that the amended judgment expressly incorporates all previous awards.

¶ 7 The statutes in question read: "A judgment may be renewed by action thereon at any time within five years after the date of the judgment," A.R.S. § 12–1611, and "[a] judgment for the payment of money that has been entered and docketed in the civil docket ... may be renewed by filing an affidavit for renewal with the clerk of the proper court," A.R.S. § 12–1612(A).

¶ 8 In interpreting a statute, "the language ... is the best and most reliable index of its meaning, and where language is clear and unequivocal it is determinative of its construction," *Ariz. Sec. Ctr., Inc. v. State*, 142 Ariz. 242, 244, 689 P.2d 185, 187 (App. 1984), unless "the plain meaning would lead to impossible or absurd results," *Bilke v. State*, 206 Ariz. 462, 464, ¶ 11, 80 P.3d 269, 271 (2003). A.R.S. §§ 12–1611 and 12–1612 both use the phrase "a judgment," without any qualifiers. This language is unambiguous: any judgment may be renewed within five years of its date of entry.[1] We see no impediment to the timely renewal of the amended judgment according to its terms.

¶ 9 In interpreting the judgment itself, "[t]he legal operation and effect of a judgment must be ascertained by a construction of its terms," and "[i]f possible, a construction will be adopted that supports the judgment." *Title Ins. Co. of Minn. v. Acumen Trading Co.*, 121 Ariz. 525, 526, 591 P.2d 1302, 1303 (1979), *superseded on other grounds as stated in Britt v. Steffen*, 220 Ariz. 265, 205 P.3d 357 (App. 2008). The judgment reads "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this First Amended Final Judgment be entered, consolidating all existing judgments in this case into a single judgment." By its

---

1. Schlussel asks that we adopt the Hawaii Supreme Court's interpretation of its judgment renewal statute in *Estate of Roxas v. Marcos*, 121 Hawai'i 59, 214 P.3d 598 (2009). Unlike Arizona's statute, the Hawaii statute specifies that the time for renewal runs from "the date the *original* judgment or decree was rendered." Haw. Rev. Stat. § 657–5 (emphasis added).

terms, the First Amended Final Judgment served the purpose of all preceding judgments in the case. The trial court correctly concluded "[t]he 2010 judgment manifests unambiguously an intent to replace the 2009 judgment in all respects."

¶ 10 Under Schlussel's view, trial courts would be required to vacate all previous orders when amending a judgment, or the moving party would be forced to renew all previous judgments to enforce the awards consolidated in an amended judgment. We find no support for such convoluted requirements in the statutes' straightforward language.

¶ 11 For these reasons, we hold that timely renewal of an amended judgment serves to renew all components of the amended judgment, even if renewal of an earlier judgment would be time-barred. Because the amended judgment here was properly renewed, we deny relief.

## CONCLUSION

¶ 12 For the foregoing reasons, we accept jurisdiction but deny relief.