# STATE OF MICHIGAN

# COURT OF APPEALS

THE BENTLEY TERRACE DILLARD FAMILY
TRUST and BENTLEY TERRACE DILLARD,

Plaintiffs-Appellees,

v

MARK E. SCHLUSSEL,

Defendant-Appellant.

UNPUBLISHED
April 20, 2017

No. 330288
Oakland Circuit Court
LC No. 2009-100856-CZ

Before: SAWYER, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right the Oakland Circuit Court's order granting plaintiffs' motion to renew and amend a judgment that was adjudicated in Arizona and previously domesticated in Michigan. We affirm.[1]

## I. FACTUAL BACKGROUND

Defendant and plaintiffs are once again before this Court, engaged in a continuing legal battle over the substantial judgment that plaintiffs hold against defendant arising from a prior Arizona lawsuit. See *Dillard v Schlussel*, 308 Mich App 429; 865 NW2d 648 (2014). Most relevant to the instant appeal, on March 27, 2009, plaintiffs obtained a judgment following a jury trial in the Superior Court in Maricopa County, Arizona, resulting in a total award of $523,171.39 (hereinafter "the 2009 Arizona judgment").[2] On May 15, 2009, plaintiffs filed an

---

[1] As an initial matter, we disagree with plaintiffs that we lack jurisdiction over this appeal. We conclude that the trial court's June 8, 2015 order constitutes a final order appealable as of right. See MCR 7.202(6)(a)(*i*); MCR 7.203(A). Nevertheless, even if we were to conclude that defendant is not entitled to appeal the trial court's order as of right, "we would still, in the interest of judicial economy, exercise our discretion to treat defendant's claim of appeal as an application for leave to appeal, grant leave, and address the . . . issue presented." *Wardell v Hincka*, 297 Mich App 127, 133 n 1; 822 NW2d 278 (2012).

[2] The Arizona judgment was signed on March 27, 2009, but was not entered by the Superior Court for Maricopa County, Arizona, until April 17, 2009.

-1-

affidavit and notice of entry of foreign judgment with the Oakland Circuit Court, along with a copy of the authenticated 2009 Arizona judgment. On November 4, 2009, the Oakland Circuit Court entered a notice of judgment lien pertaining to the 2009 Arizona judgment. On November 4, 2009, after the stay ordered by the Oakland Circuit Court in June 2009 was lifted, enforcement of the judgment was permitted to proceed in Michigan. In the meantime, however, the Arizona trial court entered a judgment on September 21, 2009, granting plaintiffs and third-party defendants an additional amount as a final statement of costs.

On February 1, 2010, the trial court in Arizona entered an amended and consolidated final judgment (hereinafter "2010 amended and consolidated judgment"), which incorporated the amounts awarded under the March 27, 2009 and September 21, 2009 judgments with additional amounts for reasonable attorney fees and costs incurred in responding to defendant's motion for a new trial. The amended 2010 Arizona judgment "ordered, adjudged, and decreed that [the] First Amended Final Judgment be entered, consolidating all existing judgments in this case into a single judgment . . . ."

On January 21, 2015, plaintiffs filed a renewal affidavit with the Arizona court concerning the 2010 amended and consolidated judgment. The renewal affidavit delineated the various awards and interest, as well as the payments that had been made and applied toward accrued interest, indicating that "[t]he principal amount now due and owing on the judgment is $542,001.79," with "a total of $188,513.14 in accrued unpaid interest to date." Plaintiffs never renewed the original 2009 judgment.

In May 2015, defendant moved to quash garnishment in Michigan, asserting that plaintiffs' failure to renew the 2009 Arizona judgment within the requisite five-year period under Arizona law caused the original judgment to expire on March 26, 2014. As a result, defendant argued that the 2009 judgment domesticated in the Oakland Circuit Court "is of no force and effect." Defendant further asserted that, because the 2010 amended and consolidated judgment related back to the original 2009 Arizona judgment, the 2010 judgment "does not constitute a new judgment on the total amount," only adding taxable costs and appellate attorney fees to the amount due, such that it "does not extend the mandatory 'five-year' renewal date for the March 27, 2009 judgment . . . ." Accordingly, defendant contended that plaintiffs were improperly "attempting to unlawfully extend the period authorized under Arizona law for collection actions" by relying on the 2010 amended and consolidated judgment, even though all of their previous enforcement and collection efforts had been taken in conjunction with the 2009 judgment.

In response, plaintiffs asserted, *inter alia*, that the domesticated 2009 Arizona judgment remained valid and enforceable in Michigan, as it became a "Michigan judgment[] subject to Michigan procedure," including "Michigan's ten-year limitations period for enforcement of judgments" under MCL 600.5809(3) and Michigan's procedures for judgment renewals. Plaintiffs also argued that the 2010 amended judgment, having incorporated the 2009 judgment, was enforceable. Based on this reasoning, plaintiffs contended that the renewal affidavit filed in Arizona on January 21, 2015, was within five years after the 2010 judgment was entered and, therefore, was timely.

Soon afterward, plaintiffs filed a motion in the Oakland Circuit Court seeking to "renew and amend the 2009 Michigan Judgment" to reflect the additional compensation awarded by the

Arizona trial court in 2010. In addition to reasserting his other arguments, defendant denied that the domesticated Arizona judgment "constitutes a Michigan Judgment," explaining that it is simply a foreign judgment authenticated for filing to permit enforcement in this state. Defendant argued that MCL 691.1172 "does not authorize or create a new Michigan judgment," and that the foreign judgment "must remain valid" in order to be enforceable under Michigan's Uniform Enforcement of Foreign Judgments Act ("UEFJA"), MCL 691.1171 *et seq*. Accordingly, he again asserted that the 2009 judgment was no longer valid and, therefore, is unenforceable in Michigan. He also asserted that the 2010 amended and consolidated judgment cannot be renewed or amended by the Oakland Circuit Court given that it was never domesticated in this state. In reply, plaintiffs denied that the Arizona judgments were invalid and asserted that their current motion to amend and renew achieved the same purpose as filing a separate affidavit and notice of entry of a foreign judgment with regard to the 2010 amended and consolidated judgment. Plaintiffs also rejected defendant's other arguments.

After holding a hearing, the Oakland Circuit Court granted plaintiffs' motion to amend and renew the domesticated judgment. The written order memorializing the court's ruling on the record stated, in relevant part, "that Plaintiff[s'] Motion to Renew and Amend Judgment is granted," and "that the 2009 Michigan Judgment entered in this matter against Defendant Schlussel and in favor of Plaintiff[s] is renewed and amended to include the additional $12,664.84 set forth in the First Amended and Consolidated Final Judgment, making the total principal owed by Defendant under the renewed and amended Judgment $542,001.79 . . . ." The court later denied defendant's motion for reconsideration.

## II. STANDARD OF REVIEW

Defendant preserved his claims pertaining to the domestication of the 2009 Arizona judgment, the procedural requirements under Arizona statutory law to renew the judgment, and the effect of the 2010 amended and consolidated Arizona judgment. See *Reserve at Heritage Village Ass'n v Warren Fin Acquisition, LLC*, 305 Mich App 92, 103-104; 850 NW2d 649 (2014) ("Generally, an issue is not properly preserved if it is not raised before, addressed by, or decided by the lower court or administrative tribunal.") (quotation marks and citation omitted). We review "de novo a trial court's jurisdictional rulings and statutory interpretation." *Electrolines, Inc v Prudential Assurance Co, Ltd*, 260 Mich App 144, 152; 677 NW2d 874 (2003) (citations omitted). "We also review de novo questions concerning the applicability of the UEFJA and the Full Faith and Credit Clauses of the United States Constitution." *Hare v Starr Commonwealth Corp*, 291 Mich App 206, 213; 813 NW2d 752 (2011).

Defendant failed to preserve his claim that his due process rights were violated, raising it for the first time on appeal. See *Reserve at Heritage Village Ass'n*, 305 Mich App at 103-104. This unpreserved claim is reviewed for plain error affecting substantial rights. *Rivette v Rose-Molina*, 278 Mich App 327, 328; 750 NW2d 603 (2008). "To avoid forfeiture under the plain-error rule, three requirements must be met: (1) an error must have occurred; (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights." *Id.* at 328-329 (quotation marks and citation omitted).

## III. ANALYSIS

-3-

Defendant's current appeal does not challenge the legitimacy of the Arizona judgments. He only contests their enforceability in Michigan. Specifically, defendant asserts that the trial court committed error requiring reversal when it treated the domesticated 2009 Arizona judgment as a new or separate Michigan judgment that remained enforceable despite plaintiffs' failure to renew the 2009 judgment in accordance with Arizona law. Defendant also contends that the trial court erred in assuming that it had the authority to amend or renew the 2009 Arizona judgment, which had expired under Arizona law because of plaintiffs' failure to timely renew the judgment. According to defendant, the 2010 amended and consolidated Arizona judgment is not enforceable in Michigan because it has not been domesticated in this state. Defendant further asserts that the trial court's acts of renewing and amending the 2009 judgment, and permitting it to be enforced, deprived him of his right to substantive and procedural due process. We reject defendant's claims.

The Full Faith and Credit Clause of the United States Constitution provides, "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." US Const, art IV, § 1. In accordance with its authority to determine the manner of proving acts, records, and judicial proceedings under the Full Faith and Credit Clause, Congress enacted 28 USC 1738, which states, in relevant part:

> The records and judicial proceedings of any court of any . . . State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
>
> Such . . . records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

The Michigan counterpart is § 3 of the UEFJA, MCL 691.1173, which provides:

> A copy of a foreign judgment authenticated in accordance with an act of congress or the laws of this state may be filed in the office of the clerk of the circuit court, the district court, or a municipal court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court, the district court, or a municipal court of this state. A judgment filed under this act has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of the circuit court, the district court, or a municipal court of this state and may be enforced or satisfied in like manner.

A "foreign judgment" is statutorily defined by the UEFJA as "any judgment, decree, or order of a court of the United States or of any other court that is entitled to full faith and credit in this state." MCL 691.1172.

As we explained in *Hare*, 291 Mich App at 215-216:

[A] judgment entered in another state is presumptively valid and subject to recognition in Michigan under the Full Faith and Credit Clause, which requires that a foreign judgment be given the same effect that it has in the state of its rendition. The purpose of the Full Faith and Credit Clause is to prevent the litigation of issues in one state that have already been decided in another. [Quotation marks and citations omitted; alteration in original.]

Defendant contends that the statute of limitations on the enforceability of judgments imposed by Arizona law governs this matter, as the 2009 domesticated judgment still constitutes an Arizona judgment, not a Michigan judgment. Contrary to defendant's claims, the domesticated judgment is treated as a Michigan judgment and is subject to Michigan law.

As discussed *supra*, the 2009 Arizona judgment was domesticated in Michigan on May 15, 2009. In relevant part, the UEFJA provides that once an authenticated judgment has been filed with the clerk of the court for a court of this state,

[t]he clerk shall treat the foreign judgment *in the same manner as a judgment of the circuit court . . . of this state*. A judgment filed under this act has *the same effect and is subject to the same procedures, defenses, and proceedings* for reopening, vacating, or staying as a judgment of the circuit court . . . of this state *and may be enforced or satisfied in like manner*. [MCL 691.1173 (emphasis added).]

Notably, this Court has expressly recognized, after quoting MCL 691.1173, that a "judgment . . . filed in accordance with [the UEFJA] . . . is treated as a Michigan judgment and Michigan law applies to its enforcement." *Peabody v DiMeglio*, 306 Mich App 397, 404; 856 NW2d 245 (2014). Applying Michigan law to the enforcement of the domesticated judgment also is consistent with the United States Supreme Court's acknowledgment in *Baker v Gen Motors, Corp*, 522 US 222, 235; 118 S Ct 657; 139 L Ed 2d 580 (1998), that "[f]ull faith and credit . . . does not mean that States must adopt the practices of other States regarding the time, manner, and mechanisms for enforcing judgments. Enforcement measures do not travel with the sister state judgment as preclusive effects do; such measures remain subject to the evenhanded control of forum law."[3] Therefore, we reject defendant's claim that Arizona law governs the expiration of the domesticated judgment. The judgment is treated like a judgment entered by a Michigan circuit court and is subject to Michigan procedure.

As a result, the applicable statutory limitations period is found within the Revised Judicature Act ("RJA"), MCL 600.5801 *et seq. Peabody*, 306 Mich App at 404. Specifically, the domesticated judgment is subject to a 10-year limitations period in accordance with MCL

---

[3] Contrary to defendant's claim, MCR 2.602 does not require us to hold that the domesticated judgment at issue in this case has not been "entered" in Michigan, or that the judgment is not subject to Michigan law.

600.5809. See MCL 600.5809(1), (3). MCL 600.5809(3) and MCL 600.2903 also provide for renewal of a judgment through "an action . . . for a new judgment or decree" before the expiration of the 10-year limitations period. See also *Peabody*, 306 Mich App at 404; *Van Reken v Darden, Neff & Heitsch*, 259 Mich App 454, 458, 460; 674 NW2d 731 (2003).

For all of these reasons, defendant is incorrect that the 2009 domesticated judgment is invalid based on its expiration under Arizona law. Rather, it is clear that the domesticated judgment is subject to the Michigan statute of limitations and renewal requirements under MCL 600.5809(3).

Relatedly, defendant attempts to collaterally attack the 2009 Arizona judgment by contending that the judgment is currently void—and, therefore, unenforceable in Michigan—due to plaintiffs' failure to timely renew the judgment in accordance with Arizona law.[4] Defendant may not now collaterally attack the Arizona order on the basis that it is currently invalid, as it was domesticated in Michigan nearly eight years ago when it was valid, even by defendant's standards. As previously explained, the 2009 Arizona judgment was domesticated in Michigan on May 15, 2009, and it became entitled to treatment as a judgment entered by a Michigan court at that time. Defendant does not dispute that the Superior Court for Maricopa County, Arizona, had jurisdiction over the parties and the subject matter when the 2009 Arizona judgment was initially entered,[5] and he does not raise any other potentially viable defenses that could destroy the full faith and credit owed to the Arizona judgment.[6] Therefore, in accordance with Michigan

---

[4] Specifically, defendant contends that the 2009 Arizona judgment is now extinguished and "void for non-renewal" because plaintiffs failed to timely renew the judgment under Arizona law. Defendant filed his brief on appeal in this case before the Arizona Court of Appeals determined that the 2009 judgment is not void on this basis. *Schlussel v Gerlach*, 240 Ariz 29, 31-32; 375 P3d 94 (Ariz App, 2016). As discussed later in this opinion, the Arizona court instead concluded that the (1) 2010 amended and consolidated judgment effectively replaced the 2009 judgment, (2) the 2010 amended judgment was validly renewed before it expired, and (3) there was no need for plaintiffs to renew all of the previous judgments that were consolidated in the amended judgment. *Id*. As a result, we conclude that defendant's claims related to the validity of the 2009 Arizona judgment have no bearing in this action related to the domesticated judgment, as his sole claim concerning the validity of the 2009 judgment is based on plaintiffs' failure to timely renew the judgment under Arizona law, and this claim was rejected by the Arizona court. Accordingly, we need not further consider defendant's ability to collaterally attack the validity of the judgment.

[5] See *Pecoraro v Rostagno-Wallat*, 291 Mich App 303, 315; 805 NW2d 226 (2011) ("A foreign judgment is conclusive and must be recognized if jurisdiction has been obtained over the parties and the subject matter."); *Blackburne & Brown Mtg Co v Ziomek*, 264 Mich App 615, 620-621; 692 NW2d 388 (2004) (indicating that a collateral attack on a judgment of a sister state "may be made in the courts of this [s]tate by showing that the judgment sought to be enforced was void for want of jurisdiction in the court which issued it") (quotation marks and citation omitted).

[6] See *Hare*, 291 Mich App at 216 (stating that "[i]n order to qualify for recognition under the Full Faith and Credit Clause, a sister-state judgment must constitute a final judgment on the

caselaw and Michigan's UEFJA, the 2009 Arizona judgment is entitled to full faith and credit in Michigan.

Next, we must determine whether the trial court erred when it renewed and amended the domesticated 2009 Arizona judgment so that it would conform to the 2010 amended and consolidated Arizona judgment, which has not been domesticated in Michigan. In contesting the trial court's ruling, defendant primarily focuses on the expired status of the 2009 Arizona judgment under Michigan law and his claim that the domesticated judgment does not constitute a "Michigan judgment" subject to renewal and amendment by a Michigan court. Again, the 2009 Arizona judgment was domesticated in Michigan on May 15, 2009. Accordingly, at that time, the 2009 Arizona judgment had "the same effect" as a Michigan judgment and became "subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of the circuit court . . . of this state" for purposes of enforcement or satisfaction. As previously discussed, the domesticated judgment was renewable in accordance with MCL 600.5809(3), which permits "an action . . . for a *new* judgment or decree" during the 10-year limitations period. (Emphasis added.) See also MCL 600.2903. Thus, the Oakland Circuit Court had the authority to renew the 2009 Michigan judgment.

Also, in addressing defendant's challenge to the validity of the 2009 judgment following plaintiffs' failure to renew that judgment within the prescribed term of years under Arizona law, the Arizona Court of Appeals determined that the trial court was correct in finding that "[t]he 2010 judgment manifests unambiguously an intent to replace the 2009 judgment in all respects." *Schlussel v Gerlach*, 240 Ariz 29, 32; 375 P3d 94 (Ariz App, 2016) (quotation marks omitted; alteration in original). The Arizona Court of Appeals also rejected defendant's position, under which "trial courts would be required to vacate all previous orders when amending a judgment, or the moving party would be forced to renew all previous judgments to enforce the awards consolidated in an amended judgment." *Id*. Therefore, given the Arizona Court of Appeals' conclusion that the 2010 amended judgment incorporated, and was intended to *replace*, the 2009 judgment—and given the fact that the domesticated judgment is "given the same effect that it has in the state of its rendition" in order "to prevent the litigation of issues in one state that have already been decided in another," *Hare*, 291 Mich App at 215-216 (quotation marks and citations omitted)—the trial court did not err when it amended the domesticated judgment so that it would have "the same effect" as the 2009 Arizona judgment has today. Again, under MCL 600.5809(3), plaintiffs were permitted to bring an action "upon the judgment or decree for *a new* judgment or decree." (Emphasis added.) Thus, we conclude that the trial court acted within its authority when it amended the domesticated judgment, and thereby entered a "new judgment," so that the renewed (or "new") domesticated judgment reflected the current status of the parties' rights and obligations with regard to the action giving rise to both the original 2009 Arizona judgment and 2010 amended and consolidated judgment.

---

merits"); 30 Am Jur 2d, Executions § 787 (listing possible defenses that may destroy the full faith and credit usually owed to a foreign judgment, including in states where the UEFJA has been enacted). MCL 691.1178 provides that "[Michigan's UEFJA] shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it."

Even if we assume, arguendo, that the trial court erred when it amended the domesticated judgment, reversal is not warranted. MCR 2.613(A) provides:

> An error in the admission or the exclusion of evidence, an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice.

Any "error" by the trial court in amending the 2009 judgment so that it comports with the 2010 amended and consolidated judgment is harmless because the court's action is not "inconsistent with substantial justice," see *id.*, and there is no indication that defendant was prejudiced by this purported error, see *In re Utrera*, 281 Mich App 1, 14; 761 NW2d 253 (2008); *In re Forfeiture of $1,159,420*, 194 Mich App 134, 141; 486 NW2d 326 (1992) (both indicating that prejudice is required in order for an error not to be harmless under MCR 2.613(A)).

Most significantly, plaintiffs still have the option of domesticating the 2010 judgment in Michigan pursuant to the UEFJA, MCL 691.1171 *et seq.*, as the judgment has been properly renewed in Arizona, *Schlussel*, 240 Ariz at 32. Plaintiffs also could have brought an action to enforce the 2010 judgment instead of proceeding under UEFJA. MCL 691.1177; *Electrolines*, 260 Mich App at 157. Again, the Arizona Court of Appeals expressly addressed the relationship of the 2009 and 2010 judgments in response to defendant's contention that only the new amounts in the amended and consolidated judgment remain collectible due to plaintiffs' failure to renew the 2009 judgment. See *Schlussel*, 240 Ariz at 30-32. The court found that "[b]y its terms, the First Amended Final Judgment served the purpose of all preceding judgments in the case into a single judgment" and, therefore, "replace[d] the 2009 judgment in all respects." *Schlussel*, 240 Ariz at 31-32 (quotation marks omitted). As a result, the Arizona Court of Appeals ruled "that timely renewal of an amended judgment serves to renew all components of the amended judgment, even if renewal of an earlier judgment would be time-barred." *Id.* at 32. Thus, if the Oakland Circuit Court's order amending the domesticated judgment was erroneous, it constitutes, at most, a harmless error, as the new domesticated judgment incorporating the components of the 2010 amended and consolidated judgment is consistent with the parties' rights in light of the Arizona proceedings and the enforcement mechanisms available to plaintiffs. See MCR 2.613(A).

Finally, defendant vaguely asserts that the trial court's actions violated his due process rights because the trial court's treatment of the 2009 domesticated judgment as a Michigan judgment "violate[d] the requirement that the actions of government be conducted according to the rule of law." This issue is not properly presented for our review and is deemed abandoned because defendant failed to include it in his statement of the questions presented. See MCR 7.212(C)(5); *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 221; 761 NW2d 293 (2008). Nevertheless, this claim has no merit.

In *In re Beck*, 287 Mich App 400, 401-402; 788 NW2d 697 (2010), aff'd on other grounds 488 Mich 6 (2010), we summarized the principles of procedural and substantive due process:

The essence of due process is fundamental fairness.  There are two types of due process: procedural and substantive.  The fundamental requirements of procedural due process are notice and a meaningful opportunity to be heard before an impartial decision maker.  [T]he essence of a substantive due process claim is the arbitrary deprivation of liberty or property interests.  A person claiming a deprivation of substantive due process must show that the action was so arbitrary (in the constitutional sense) as to shock the conscience.  [Quotation marks and citations omitted; alteration in original.]

Defendant's due process claim arises from his erroneous understanding of full faith and credit principles and the Michigan statutes and caselaw previously discussed in this opinion.  The gravamen of his argument is that "[t]he enforcement of a foreign judgment, *which remains subject to the strictures of that foreign jurisdiction's law*, is not the same as the creation of a separate and distinct new judgment from Michigan that presumably has a life of its own with renewal dates arising from Michigan law."  (Emphasis added.)  Likewise, he contends that applying and enforcing the domesticated judgment as though it is a Michigan judgment violates his due process rights given the fact that it is entered "in Michigan without a trial or hearing on the merits."  The legal basis of defendant's due process claim is legally flawed for the reasons previously discussed.

Michigan law governs the enforcement of the domesticated judgment, and, under Michigan law, the domesticated judgment is treated as a Michigan judgment.  *Peabody*, 306 Mich App at 404.  Contrary to defendant's claims, the trial court did not violate the "rule of law" when it treated the domesticated judgment like a Michigan judgment.  Further, given the legal procedures in place, there is absolutely no basis for concluding that the applicable framework results in an "arbitrary" deprivation of defendant's liberty or property interests, given the existence and validity of the Arizona judgments.  See *In re Beck*, 287 Mich App at 401-402.  Similarly, there is no basis for concluding that defendant was denied notice and an opportunity to be heard, especially given the numerous pleadings, filings, and hearings held with regard to this matter in both Arizona and Michigan in which defendant, or his representative, have participated.  See *id*.

## IV.  CONCLUSION

Defendant has failed to establish that any of his claims on appeal warrant relief.

Affirmed.

/s/ David H. Sawyer
/s/ Henry William Saad
/s/ Michael J. Riordan