PERKINS *v.* OLIVER.

Judgment—Defenses—Res Judicata.

> A judgment in an action in tort to recover damages is not *res judicata* as to items of account introduced in evidence on the trial of such action in support of a defense based on the breach of a contract by plaintiff, where the question of plaintiff's indebtedness to defendant was not involved in the litigation.

Error to superior court of Grand Rapids; Burlingame, J. Submitted June 11, 1896. Decided July 28, 1896.

*Assumpsit* by Willis J. Perkins against Joseph W. Oliver for work done and material furnished. From a judgment for defendant, plaintiff brings error. Reversed.

*Thomas F. McGarry* and *George E. Nichols,* for appellant.

*Wolcott & Ward,* for appellee.

MOORE, J.   Plaintiff sued the defendant, and declared on all the common counts in *assumpsit,* and filed a bill of particulars embracing a great many items. Defendant pleaded the general issue, and gave notice, by way of defense, that the same cause of action had been litigated, and was *res judicata,* and also gave notice of recoupment and of set-off. The case was tried before the judge. The record and testimony, including the pleadings and the charge of the court, in the case of *Oliver* v. *Perkins and Perkins,* were offered in evidence. The trial judge made a finding that the matters involved in this suit were litigated by the same parties in the case of *Oliver* v. *Perkins and Perkins,* 92 Mich. 304, and found a verdict in favor of defendant. The plaintiff appeals, and insists that the questions involved in this case are yet open for litigation, and that he has a right to the judgment of the court in relation to the differences between him and the defendant. He admits that many of the items named in his bill of particulars were the subject of evidence in the prior suit, but insists that the only purpose for which testimony was given in relation to them was to determine whether or not the plaintiff was guilty of a breach of a contract which was involved in that litigation; that these items of account were not involved, either by the pleadings, or as items that could be taken into account by the jury in arriving at the amount of damages, in the prior case.

It is not necessary to review in detail what was involved in the case of *Oliver* v. *Perkins,* 92 Mich. 304, as an inspection of that case as reported can readily be

made. It is sufficient to say that the case in 92 Mich. was an action sounding in tort to recover damages for the wrongful acts of the defendants. The plea was the general issue simply.

There is, then, nothing in the pleadings to indicate that the items involved in this case might have been litigated in the tort case. It becomes important, then, to determine what the record in the tort case shows was the purpose of giving testimony in relation to these items, and for what purpose it was considered. An examination of the record and all the testimony discloses that it was the claim of the defendants in the tort case that they were justified in summarily ending the contract they had with the plaintiff by a breach of it on his part. It was the claim of the plaintiff that he had not broken the contract, and, if he had, that the breach had been waived by defendants; and all the testimony introduced in relation to these items bore upon the question as to whether the acts of the defendants were justified by the acts of the plaintiff. As has been before stated, in that case there was no notice of set-off or recoupment; and on the trial there was no claim by any one that the testimony in relation to these items was given as a basis for set-off or recoupment. It was not submitted to the jury for that purpose by the charge of the court, and there is nothing to indicate that it was considered by the jury for that purpose; nor could it have been used for that purpose under the pleadings. The testimony developed that the plaintiff had assigned certain drafts and accounts to defendants; that remittances had been made to him upon them since said assignment, which were at the time of the litigation retained by him, he assigning as a reason that when they were received by him the defendants had his books, which were not produced until the trial, and that he did not know that it was money belonging to defendants. There was no attempt to determine in this litigation whether plaintiff owed defendants or not, and that question was not involved in the litigation.

In *McKinney* v. *Curtiss*, 60 Mich. 620, it was held:

"No judgment in any legal proceeding can be held a bar unless the claim of the party which has been presented for adjudication has been passed upon, or the party has had the right in such proceeding to have the merits of such claim adjudicated."

In 2 Black, Judgm. § 504, it is said:

"The doctrine of *res judicata* is plain and intelligible, and amounts simply to this: That a cause of action once finally determined without appeal between the parties on the merits, by a competent tribunal, cannot afterwards be litigated by new proceedings, either before the same or any other tribunal."

In *Jacobson* v. *Miller*, 41 Mich. 93, the rule was stated to be:

"There are two matters in respect to which an adjudication, once made, may be conclusive: *First*, the subject-matter involved in the litigation; *second*, the point of fact or of law, or of both, which was necessarily adjudicated in determining the issue upon the subject-matter in litigation."

In the prior suit the jury were instructed that if the plaintiff was in default, and had violated the contract, he could not recover, unless they found that such violation had been waived by defendants; and the testimony was admitted as bearing upon that issue in the case, and for no other purpose was it admitted, or could it have been used. We do not think the cause of action sued upon here is shown by the record to have been litigated in any other proceeding.

Judgment is reversed, and new trial ordered.

LONG, C. J., MONTGOMERY and HOOKER, JJ., concurred. GRANT, J., did not sit.