### AULTMAN, MILLER & CO. *v.* SLOAN.

1. CHATTEL MORTGAGES—ASSIGNMENT.

   An instrument purporting, for a valuable consideration, to "assign, release, and deliver" to a third person all right, title, and interest in the security or property covered by a chattel mortgage therein described, is an assignment of the mortgage, and not a discharge thereof.

2. SAME—PARTIES—RES JUDICATA.

   A mortgagee of chattels assigned the mortgage, and afterwards obtained judgment against the mortgagor on the debt, in an action to which the assignee was not made a party. *Held*, that, although the mortgagor defended on the ground that the debt had been assigned, the judgment was not binding on the assignee.

3. SAME—DISCHARGE—EVIDENCE—APPEAL.

   Whether or not there was error in permitting a township clerk to testify that he had no authority to enter the cancellation of a certain chattel mortgage, and that the entry was made through mistake, becomes immaterial on appeal, where the record itself does not show that the alleged discharge was made in the manner prescribed by the statute (2 How. Stat. § 6201).

Error to Calhoun; Smith, J. Submitted October 12, 1897. Decided December 7, 1897.

Trover by Aultman, Miller & Company against James Sloan. From a judgment for defendant, plaintiff brings error. Affirmed.

*Mains & Cavanagh*, for appellant.

*L. B. Tompkins* (*W. H. Porter*, of counsel), for appellee.

MOORE, J. This is an action brought to recover for the value of certain property which plaintiff claims that defendant wrongfully converted. The interest plaintiff claims to have in the property grows out of a chattel mortgage given to it by Byron Cool and Andrew Cool, May 2, 1894. Prior to the giving of this mortgage, Byron Cool had given one to Charles R. Mains, and Byron Cool and Andrew Cool had given three others to •Charles R. Mains. It is the claim of defendant that he purchased the four mortgages owned by Mr. Mains on November 15, 1894, on which day Mr. Mains executed and delivered to Mr. Sloan a paper reading as follows:

"For a valuable consideration to me in hand paid by James Sloan, of the township of Homer, county of Calhoun, and State of Michigan, the receipt whereof is hereby confessed and acknowledged, I hereby assign, release, and deliver to said James Sloan all my right, title, and interest in the security or property covered by the following described chattel mortgages: One executed by Byron J. Cool and Andrew Cool, and the note accompanying the same, on which note interest is paid in full to October 1, 1891, on payment of $18.60, and interest paid in full to October 13, 1892, by payment of $20.03, there being no other indorsements on said note or mortgage; said mortgage dated October 15, 1890, to secure the payment of $193.72."

Then follows a description of three other chattel mortgages, with amounts due thereon.

"All of said chattel mortgages having been executed to me, and no other sums having been paid than those so indorsed; the first one drawing 8 per cent. interest, the second one drawing 8 per cent. interest, the third one drawing interest at 10 per cent., and the fourth drawing interest at 10 per cent."

When this paper was delivered the mortgages were also

delivered. Defendant claims title to the property through the foreclosure of two of these mortgages.

After the papers were delivered to Mr. Sloan, he took them to the office of the town clerk, and a statement was indorsed on one of them that there was $50 due on it, and on another one that there was $35 due on it; and the clerk was instructed to cancel two of the mortgages, and to leave two in force. He did so, but it is the claim of Mr. Sloan that he canceled a mortgage that he was not instructed to cancel. Upon the foreclosure the property was sold for $80.75. Subsequent to the execution of the paper by Mr. Mains to Mr. Sloan, Mr. Mains sued the two Cools to recover the debt secured by the four chattel mortgages made to him. The Cools interposed as a defense that Mains had transferred the debt to Mr. Sloan, and could not recover against them. In that suit Mr. Mains recovered a judgment, which judgment was put in evidence in this case. Mr. Sloan was not a party of record to that litigation. On the trial Mr. Sloan was allowed to show by the verbal testimony of the deputy clerk, who canceled the mortgage, the mistake which was made in canceling the mortgage.

There are three questions needing attention:

*First.* Was the paper executed by Mr. Mains to Mr. Sloan an assignment of the four mortgages, or was it simply a discharge of the mortgages?

*Second.* Is the judgment in *Mains* v. *Cool and Cool* binding upon Mr. Sloan?

*Third.* Was it error to allow the clerk to testify that a mistake had been made in canceling the chattel mortgage?

1. "Assign" is defined by Webster to mean to transfer or make over to another; and in Burrill's Law Dictionary it is said that to assign is to make over or set over to another; to transfer. The thing set over or transferred in this paper by Mr. Mains is stated to be all his right, title, and interest in the security or property covered by the four mortgages. His right, title, and interest in the security or property covered by the mortgages was a lien

thereon to secure the payment of the sums of money stated in the paper to be unpaid. Giving to the words their usual and ordinary meaning, the paper must be construed to be an assignment of the mortgages, and not a discharge of them.

2. Whatever interest Mr. Sloan had in the mortgages, he obtained from Mr. Mains. When Mr. Mains asserted that he had not assigned the chattel mortgages to Mr. Sloan, while the latter asserted he had, it is difficult to see how there is any such privity between Mr. Mains and Mr. Sloan as to make a litigation of the question in the case of *Mains* v. *Cool and Cool res judicata*, when Mr. Sloan was not a party to the litigation, even though the defendants made such a claim by way of defense. If this contention is true, it would be possible for Mr. Sloan's assignor and the mortgagors named in the mortgages to cut off the rights of Mr. Sloan, without giving him an opportunity to be heard. In *McKinney* v. *Curtiss*, 60 Mich., at page 620, it is said:

"No judgment in any legal proceeding can be held a bar unless the claim of the party which has been presented for adjudication has been passed upon, or the party has had the right in such proceeding to have the merits of such claim adjudicated."

See *Perkins* v. *Oliver*, 110 Mich. 402. Mr. Sloan was not a party to the litigation, and is not bound by its result.

3. 2 How. Stat. § 6194, provides when it shall be the duty of the clerk to file chattel mortgages. Section 6201 provides how a chattel mortgage may be discharged:

"Any chattel mortgage * * * may be discharged by an entry on the book kept by the township or city clerk * * * signed by the mortgagee or his personal representative or assignee, acknowledging the satisfaction of the mortgage, in the presence of the township or city clerk, * * * or his deputy, who shall subscribe the same as a witness thereto; and such entry shall have the same effect as a deed or instrument of release, duly acknowledged and filed," etc.

There is nothing in the record to show that the dis-

charge was made in the manner prescribed by the statute. It does not appear from the record that the book containing the entry was offered in evidence. The clerk having charge of the record testified as follows:

"I find a record of that mortgage in the index book [reading]: Cool, Byron J., to Charles R. Mains. Given September 2, 1890. Filed September 2, 1890. Renewed August 31, 1891. This was given for $33.93. Renewed September 6, 1892. Renewed September 4, 1893. Renewed September 10, 1894. Canceled December 22, 1894, and delivered to Byron Cool, by order of James Sloan, assignee."

Mr. Burt, who was the deputy clerk at the time the entry was made, testified that the entry was made by mistake, and it nowhere appears that the entry was signed by Mr. Sloan. Under the record as made, we do not think it is shown that the mortgage was legally discharged, and do not deem it necessary to discuss whether it was error to allow the witnesses to testify as to what occurred at the time the entry was made.

The other assignments of error have been considered, but will not be discussed. We think the case was fairly and properly tried.

Judgment is affirmed.

The other Justices concurred.