*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ENHANCE CENTER FOR INTERVENTIONAL
SPINE & SPORTS,

        Plaintiff-Appellant,

v

AUTO-OWNERS INSURANCE COMPANY and
HOME-OWNERS INSURANCE COMPANY,

        Defendants-Appellees.

UNPUBLISHED
November 9, 2021

No. 354517
Wayne Circuit Court
LC No. 19-016609-NF

Before: GLEICHER, P.J., and K. F. KELLY and RONAYNE KRAUSE, JJ.

PER CURIAM.

The common law of preclusion is complicated, and adding an assignment overlay adds to the analytical challenge. The good news is that for more than a century, Michigan law has steadfastly adhered to an easily understood principle. A party that has been assigned a right to sue is not bound by a judgment obtained after the assignment was made unless that party had a right to have the merits of its claim adjudicated. *Aultman, Miller & Co v Sloan*, 115 Mich 151, 154; 73 NW 123 (1897). This principle is grounded in the due process notion that a party must have a full and fair opportunity to litigate its own claim before that claim may be dismissed.

Here, plaintiff Enhance Center for Interventional Spine & Sports received an assignment of a patient's right to sue for first-party benefits before the circuit court dismissed the assignor's lawsuit. Enhance was not involved in that case. Nevertheless, the circuit court summarily dismissed Enhance's subsequent suit for repayment for the services it had provided. Because Enhance was not a party to the first case, it was not bound by its result. We reverse.

## I. BACKGROUND FACTS AND PROCEEDINGS

Kelly Johnson was involved in an automobile accident in February 2018, and filed a lawsuit less than a year later. Her complaint sought both first- and third-party benefits, and named as defendants Auto-Owners Insurance Company and Jacqueline Devitt, the driver of the allegedly at-

fault vehicle.[1]  In defiance of a court order, Johnson failed to respond to requests for admission resulting in her admission that she was not claiming "any allowable expense benefits, pursuant to MCL 500.3107(1)(a)."[2]  She also failed to produce court-ordered discovery materials.  Home-Owners moved for partial summary disposition seeking the dismissal of Johnson's first-party claim.

Before that motion was decided, Johnson assigned to Enhance her right to pursue her claim against Home-Owners "for non-payment of the services provided by Enhance Center."  Enhance did not intervene in Johnson's suit, and no effort was made to bring Enhance into the litigation.  The circuit court subsequently granted Home-Owners' motion for partial summary disposition, dismissing with prejudice Johnson's first-party benefit claims against Home-Owners.

Enhance then brought this lawsuit against Home-Owners, seeking payment for the chiropractic services it had provided to Johnson.  Home-Owners moved for summary disposition under MCR 2.116(C)(7) and (C)(10), asserting that the doctrine of res judicata barred Enhance's claims.  Home-Owners' argument rested primarily on this Court's decision in *Dawoud v State Farm Mut Auto Ins Co*, 317 Mich App 517, 522-523; 895 NW2d 188 (2016).  Enhance countered with this Court's unpublished opinion in *Mecosta Co Med Ctr v Metro Group Prop & Cas Ins Co*, unpublished opinion of the Court of Appeals, issued March 24, 2020 (Docket No. 345868).[3]  The circuit court ruled that because *Dawoud* was "precedential and binding" it controlled the outcome and that res judicata barred Enhance's suit.

## II.  ANALYSIS

We review de novo the circuit court's summary disposition ruling.  *Moser v Detroit*, 284 Mich App 536, 538; 772 NW2d 823 (2009).  We also review de novo questions of law, including "the application of legal doctrines, such as res judicata and collateral estoppel." *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

In general, res judicata precludes a subsequent action when "the first action was decided on the merits," "the matter contested in the second action was or could have been resolved in the first" action, and "both actions involve the same parties or their privies."  *Sewell v Clean Cut Mgt, Inc*, 463 Mich 569, 575; 621 NW2d 222 (2001).  The third component of res judicata is at issue here.  Parties are in privity for res judicata purposes if the first litigant represents the same legal right that the second later asserts, the parties share "a substantial identity of interests," or enjoy "a working functional relationship in which the interests of the nonparty are presented and protected

---

[1] During the litigation, the parties stipulated to substitute Home-Owners Insurance Company for Auto-Owners.

[2] "Allowable expenses" include "reasonable charges incurred for reasonably necessary . . . services . . . for an injured person's care, recovery or rehabilitation."  MCL 500.3107(1)(a).

[3] The Supreme Court has granted oral argument to determine whether to grant leave to appeal in that case. *Mecosta Co Med Ctr v Metro Group Prop & Cas Ins Co*, 507 Mich 865 (20210).

by the party in the litigation." *Adair v Michigan*, 470 Mich 105, 122; 680 NW2d 386 (2004) (quotation marks and citations omitted).[4]

In *Howell v Vito's Trucking & Excavating Co*, 386 Mich 37, 43; 191 NW2d 313 (1971), the Supreme Court recognized that privity's "definitional groundwork" incorporates that "[a] privy is one who, *after* rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase." (Emphasis added, quotation marks and citation omitted.) This formulation aligns with *Aultman*'s holding that an assignee otherwise in privity with its assignor is not bound by a judgment entered after the assignment at issue. *Aultman*, 115 Mich at 154. As this Court explained in *Mecosta*:

> A contrary rule would allow an assignor to cut off the rights of the assignee without affording him an opportunity to be heard. [*Aultman*, 115 Mich at 154.] Indeed, it may constitute a deprivation of property without due process of law to extend privity to bind an assignee by a judgment entered against his or her assignor that occurred after the assignor assigned his or her rights in the property. *Postal Tel Cable Co*, 247 US 464, 476; 38 S Ct 566; 62 L Ed 1215 (1928). In this state rather, for purposes of property law, an assignee is in privity with the assignor only up to the time of the assignment. See [*Howell*, 386 Mich at 43.] Accordingly, if the party asserting preclusion has no other basis for establishing privity beyond the fact that the assignee succeeded to the assignor's interest, the party asserting preclusion will not prevail unless the judgment was entered before the transfer at issue. *Id*. [*Mecosta Co Med Ctr*, unpub op at 4-5.]

Enhance was not bound by the judgment against Johnson in the first action because the assignment was made before the judgment against Johnson was entered and Enhance had no opportunity to be heard in that case. In *Taylor v Sturgell*, 553 US 880, 891; 128 S Ct 2161; 171 L Ed 2d 155 (2008), the United States Supreme Court observed that "[t]he federal common law of preclusion is, of course, subject to due process limitations," and *Aultman* supports that Michigan's common law, too, embraces this principle. Accordingly, the circuit court erred by summarily dismissing this case on res judicata grounds.

We must also respectfully take issue with the circuit court's determination that *Dawoud* controls the outcome. While *Dawoud* bears superficial similarities to this case, it is readily (and fatally) distinguishable. *Dawoud*, 317 Mich App at 519-520, was also a first-party no-fault action, and it involved a dismissal for a discovery violation. But the legally relevant similarities stop there, as in *Dawoud* the service providers, who filed a second lawsuit following the dismissal of the first, "were allowed to intervene by stipulation of all parties to pursue direct payment of their bills[.]" *Id.* at 519. In other words, the providers were *parties* in the first case, rather than

---

[4] In *Taylor v Sturgell*, 553 US 880, 894 n 8; 128 S Ct 2161; 171 L Ed 2d 155 (2008), the United States Supreme Court observed that the term "privity" has "come to be used . . . broadly, as a way to express the conclusion that nonparty preclusion is appropriate on any ground." The facts of this case counsel that overbroad use of the term risks a deprivation of due process.

ostensible "privies." The application of res judicata in that circumstance was a no-brainer, as both the first and the second action involved "the same parties." *Dawoud* is inapposite here.

We reverse and remand for proceedings consistent with this opinion. We do not retain jurisdiction. As the prevailing party, Enhance may tax its costs. MCR 7.219(A).

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Amy Ronayne Krause