*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ORCHARD LABORATORIES CORPORATION,
doing business as ORCHARD TOXICOLOGY,

      Plaintiff-Appellee,

v

AUTO CLUB INSURANCE ASSOCIATION,

      Defendant-Appellant.

UNPUBLISHED
May 26, 2022

No. 356597
Wayne Circuit Court
LC No. 19-015519-NF

Before: GLEICHER, C.J., and K. F. KELLY and PATEL, JJ.

PER CURIAM.

MCL 500.3145(1) requires "written notice of injury" within one year of an accident to claim first-party no-fault benefits. Defendant Auto Club argues on appeal that provider-plaintiff's action is barred by the statute of limitations because it was untimely. But within one year of the date of the accident, Auto Club learned of its occurrence and that injuries were sustained from several sources, including the injured party's wife and a police report. And contrary to Auto Club's additional arguments, the doctrines of res judicata and collateral estoppel do not bar this action. For the reasons stated below, we affirm both of the trial court orders denying Auto Club's motions for summary disposition.

## I. BACKGROUND

On December 17, 2017, Robert Dorey was standing outside of the Bad River Bar in St. Charles, Michigan when he and another patron, David Bean, were struck by a truck operated by Auto Club's insured, Aaron Briggs. Dorey received medical treatment for his injuries. The treatment included services provided by Orchard Laboratories Corporation from August 16, 2018 through August 30, 2019, the payment of which is at-issue in this appeal.

On November 15, 2018, Bean reported the accident to Auto Club. Bean stated that he had been injured and that he had retained a lawyer to pursue his claim for no-fault benefits. This conversation is documented in Auto Club's claim file, which also reflects that other persons were injured in the accident.

On November 19, 2018, an Auto Club representative spoke with Briggs and obtained additional details of the accident. On the same date, a "Report of Loss for Claim 40102625" was generated. The report included the date and time of the loss, the cause of loss, the location of the loss, as well as a detailed narrative of the accident.

On or about November 20, 2018, Auto Club received a copy of the Saginaw County Sheriff's Office report.[1] The sheriff's report contained a narrative of the accident, as well as the names, addresses and telephone numbers for Dorey, Bean, Briggs, and all of the witnesses. The report stated that Dorey received medical treatment at the accident scene and sustained a "[p]ossible internal injury." The report summarized Dorey's account of the accident:

INTERVIEW WITH ROBERT DOREY: (Struck by Vehicle)

I spoke to Robert in the Bad River Bar. Robert stated that it started earlier inside the bar. He said that "Briggs" started talking shit and was kicked out of the bar. Robert stated Briggs was kicked out of the back door and told to leave. Robert said that he went out front to smoke. He stated that the truck came up and that Briggs got out of the truck. Robert said he was running his mouth and yelling "Fuck You." Robert said that he began to leave and then "whips around" and comes directly at him. Robert said that the truck smashed the lights and wall. Robert said that it backed up and again came at the crowd and drove off. Robert said that the truck went straight through the light and almost hit someone.

Robert stated that he was struck by the truck. Robert said it hit his leg and the tire ran over his foot.

Robert described the truck as a "Chevy or GMC" that was dark green or black. He stated it was a diesel.

On December 10, 2018, Dorey's wife contacted Auto Club to report the claim. Auto Club's claim file states "[Dorey's] wife called and filed his claim with us on 12/10/18 and advised he has an attorney." Auto Club acted on the information that it received by sending an application for benefits to Dorey and opening a PIP claim that contained Dorey's name and address, the time and place of the injury, and the nature of his injury ("back/neck sprain, unknown").

On January 17, 2019, Dorey filed his own, separate lawsuit against Auto Club in Wayne Circuit Court. Dorey's lawsuit was later transferred to Saginaw Circuit Court and, ultimately, dismissed. On August 30, 2019, Dorey executed an assignment in favor of Orchard Laboratories. On November 19, 2019, Orchard Laboratories filed this action in Wayne Circuit Court for payment for the medical services that it rendered.

Auto Club moved for summary disposition in this case pursuant to MCR 2.116(C)(7), (8) and (10), asserting that MCL 500.3145(1) barred recovery because the action was filed more than

---

[1] Auto Club attached a copy of the police report to its motion. The police report has a fax header dated November 20, 2018. Auto Club concedes that it received the report on or about the date of the fax header.

one year after the accident and it did not receive written notice of Dorey's claim within one year of the date of the accident. Auto Club conceded that it received a copy of the Saginaw County Sheriff's report within one year of the date of the accident. Auto Club also relied on the sworn affidavit of one of its senior litigation specialists, who admitted that Auto Club received verbal notice of the claim from Dorey's wife on December 10, 2018. However, Auto Club maintained that it did not received sufficient written notice by Dorey or anyone on his behalf. Alternatively, Auto Club argued that, if the trial court concluded that the notice requirement was met, then any claims for services that were rendered before November 19, 2018 were barred by the one-year-back rule.

The trial court concluded that adequate notice was provided. However, the trial court barred Orchard Laboratories' claims for services that were performed before November 19, 2018. Auto Club filed a motion for reconsideration, which the trial court denied.

Just a few weeks before filing its motion for summary disposition in this action, Auto Club filed a motion for partial summary disposition in Dorey's Saginaw Circuit Court action, arguing that Dorey's no-fault claims were barred because they were filed more than one year after the accident and Auto Club did not receive timely written notice of the claim. The Saginaw Circuit Court granted partial summary disposition with regard to Dorey's first-party claims, but his third-party and dram shop claims remained pending.

Following the conclusion of Dorey's Saginaw Circuit Court action, Auto Club filed a second motion for summary disposition in this case, asserting that Orchard Laboratories' no-fault action was barred by res judicata. The trial court concluded that Orchard Laboratories and Dorey were not in privity. The trial court further determined that Dorey's assignment to Orchard Laboratories precluded Dorey from asserting a claim for Orchard Laboratory's bills in his own no-fault action. The trial court denied the motion, holding that the elements of res judicata were not met.

## II. STANDARDS OF REVIEW

We review a trial court's determination on a motion for summary disposition de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019).

Summary disposition is appropriate under MCR 2.116(C)(7) when a claim is barred by a statute of limitations. Whether a statute of limitations bars a claim is a question of law that this Court reviews de novo when the underlying facts are not disputed. *O'Leary v O'Leary*, 321 Mich App 647, 651; 909 NW2d 518 (2017).

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Woodring v Phoenix Ins Co,* 325 Mich App 108, 113; 923 NW2d 607 (2018). Summary disposition under MCR 2.116(C)(10) is only appropriate when there is no genuine issue of material fact. *El-Khalil*, 504 Mich at 160. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013).

Additionally, res judicata and collateral estoppel present questions of law that we review de novo. *King v Munro*, 329 Mich App 594, 599; 944 NW2d 198 (2019).

### III. NO-FAULT STATUTE OF LIMITATIONS

Auto Club argues that the trial court erred in denying its first motion for summary disposition because Orchard Laboratories' action was commenced more than one year after the accident and the information received by Auto Club did not satisfy the notice provision of MCL 500.3145(1) to preserve the no-fault claim. We disagree.

At the time of the December 17, 2017 accident, MCL 500.3145(1) provided, in pertinent part:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury . . . . The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury.

It is undisputed that Orchard Laboratories' complaint was filed more than one year after the accident. It is further undisputed that Auto Club had not previously paid any PIP benefits for Dorey's injuries. Therefore, Orchard Laboratories' claim is barred unless Auto Club received appropriate notice under MCL 500.3145(1).

It is well-established that substantial compliance with the purpose of MCL 500.3145(1) is sufficient to preserve a claim for no-fault benefits. *Perkovic v Zurich Am Ins Co*, 500 Mich 44, 52; 893 NW2d 322 (2017). The purpose of notice under MCL 500.3145(1) is simply to convey "the name and address of the claimant and . . . the name of the person injured and the time, place and nature of his injury." *Id.* at 53 (quotation marks and citation omitted). The statute does not require a specific format for the notice, nor does it mandate that the notice contain explicit language that would indicate a possible claim for benefits. *Id.* at 53-54, 56. Indeed, notice provided by a nonparty without the knowledge or direction of the claimant fulfills the statutory notice requirements and preserve a claim for no-fault benefits. *Id.* at 55-56.

Further, the statute only requires "the kind of notice that an ordinary layperson can provide." *Dillon v State Farm Mut Auto Ins Co*, 501 Mich 915, 917; 902 NW2d 892 (2017). Simply providing "[a] description of symptoms that are traceable to a diagnosed injury" will suffice as notice of the "nature of the injury." *Id.* A precise medical diagnosis is not necessary because the statute only requires that the notice of injury be "in ordinary language." *Id.* In *Dillon,* the plaintiff initially notified the insurer that she sustained injuries causing pain to her lower back and left shoulder. She then sought treatment, years later, for a left hip injury that her doctor stated could have created the lower back pain. Because the initial notice could be traced to the hip injury, the

Court concluded that MCL 500.31455(1) was satisfied. *Id.* Here, Auto Club concedes that it received a copy of the police report within one year of the date of the accident. The police report provided Dorey's name and address, as well as the time, place and nature of the injury ("possible internal injury" and truck "hit his leg and the tire ran over his foot"). Auto Club further admits that Dorey's wife contacted Auto Club and filed a claim on Dorey's behalf within one of year of the date of the accident. The record reflects that Auto Club generated a written claim record that contained Dorey's name and address, the time and place of the injury, and the nature of his injury ("back/neck sprain, unknown"). Based on the information that Auto Club obtained within one year of the date of the accident, it opened a PIP claim and sent Dorey an application for benefits.

Like the plaintiff in *Dillon,* Dorey's back injury is traceable to the statements in the police report that the truck hit his leg. His back injury is also traceable to the notation in the police report that he sustained a "possible internal injury," which could certainly include a back injury. The *Dillon* decision affords great leeway in describing the nature of an injury since the statute only requires "the kind of notice that an ordinary layperson can provide." *Dillon,* 501 Mich at 917. In addition to the injury information that Auto Club had from the written police report, Auto Club generated a written claim record that Dorey sustained a "back/neck sprain" as well as other "unknown" injuries. This was sufficient notice of the nature of Dorey's injury for purposes of the statute.

Because MCL 500.3145(1) was satisfied and Auto Club received adequate notice of Dorey's claim, we affirm the trial court's denial of Auto Club's first motion for summary disposition.

## IV. RES JUDICATA AND COLLATERAL ESTOPPEL

Auto Club maintains that the trial court erred in denying its second motion for summary disposition because Dorey's own no-fault action was dismissed on statute of limitations grounds and, therefore, Orchard Laboratories' action was barred under the doctrines of res judicata and collateral estoppel. We disagree.

As described by the Supreme Court in *Adair v Michigan,* 470 Mich 105, 121; 680 NW2d 386 (2004), res judicata precludes a subsequent action under the following circumstances:

> (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first. [Citation omitted.]

It is undisputed that the Dorey's first-party action was decided on the merits. Thus, only the second and third prongs of the res judicata doctrine are at issue here.

Since it is undisputed that Orchard Laboratories was not a party to Dorey's Saginaw Circuit Court action, we must determine whether Orchard Laboratories was in privity with Dorey and whether Orchard Laboratories' claim was, or could have been, resolved in the Saginaw Circuit Court action. "To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert" or enjoy "a working functional relationship in which the interests of the nonparty are presented and protected by the

party in the litigation." *Adair*, 470 Mich at 122 (quotation marks and citations omitted). "A privy is one who, *after* rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase." *Howell v Vito's Trucking & Excavating Co*, 386 Mich 37, 43; 191 NW2d 313 (1971) (emphasis added, quotation marks and citation omitted).

Prior to the commencement of this action, Dorey assigned Orchard Laboratories his right to past and presently due PIP benefits with regard to the services that Orchard Laboratories provided. This assignment permitted Orchard Laboratories to sue Auto Club in an effort to recover its reasonable charges for the services that it provided to Dorey. See *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 217 n 40; 895 NW2d 490 (2017). Indeed, Orchard Laboratories, as the assignee, possesses the same rights as Dorey and is subject to the same defenses. *Burkhardt v Bailey*, 260 Mich App 636, 653; 680 NW2d 453 (2004). However, an assignee is not bound by a judgment that the assignor obtained after the assignment; otherwise, an assignor could get a dismissal on the merits in a tangential case and cut off the rights of an assignee before the assignee had a full and fair opportunity to litigate its own claim. *Aultman, Miller & Co v Sloan*, 115 Mich 151, 154; 73 NW 123 (1897). Based on this principle, our Supreme Court has concluded that an assignee is in privity with the assignor only up to the time of the assignment. *Howell*, 386 Mich at 43.

Dorey's August 30, 2019 assignment to Orchard Laboratories destroyed their privity. Following the assignment, Dorey could not bring a claim for the services provided by Orchard Laboratories and Orchard Laboratories initiated its own claim in Wayne Circuit Court. Orchard Laboratories is not bound by the Saginaw Circuit Court's dismissal that did not, and could not, include Orchard Laboratories' claim. Accordingly, the trial court did not err by denying Auto Club's motion for summary disposition on res judicata grounds.

Finally, Auto Club contends that Orchard Laboratories' claim is barred by collateral estoppel.[2] We review this unpreserved issue for plain error affecting substantial rights. *Total Armored Car Serv, Inc,* 325 Mich App at 412. To avoid forfeiture under the plain error rule, a party must show that: (1) the error must have occurred, (2) the error was plain, i.e., clear or obvious, (3) and the plain error affected substantial rights. *Id*. An error affects substantial rights when it affects the outcome of the proceedings. *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 443; 906 NW2d 482 (2017).

"Collateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the *same parties* when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in that prior proceeding." *Rental Props*

---

[2] Auto Club did not raise the issue of collateral estoppel in the trial court or in its statement of the questions presented. Therefore, the issue is unpreserved. See *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020); *Henderson v Dep't of Treasury*, 307 Mich App 1, 30; 858 NW2d 733 (2014). Accordingly, we review the issue for plain error affecting substantial rights. *Total Armored Car Serv, Inc v Dep't of Treasury*, 325 Mich App 403, 412; 926 NW2d 276 (2018).

*Owners Ass'n of Kent Co v Kent Co Treasurer,* 308 Mich App 498, 528; 866 NW2d 817 (2014) (emphasis added, citations omitted). As discussed above, Orchard Laboratories was not a party to the Saginaw Circuit Court action and its claim was not included in that action. Thus, Orchard Laboratories did not have a full and fair opportunity to litigate its claim in the Saginaw Circuit Court action. Accordingly, the doctrine of collateral estoppel is inapplicable as a matter of law and there was no plain error that would require intervention by this Court.

We affirm.


/s/ Elizabeth L. Gleicher
/s/ Sima G. Patel